HENRY T. BLAKE *vs.* THOMAS L. WATSON AND ANOTHER.

A statement in an advertisement of railroad bonds for sale, that " the road is in successful operation and earning net more than the interest on all its bonds" —held to be a representation, not that the road was earning that amount at the exact date of the advertisement or during the time it might appear in the newspaper, but that the road was then on a paying basis and was steadily earning net more than the interest on all its bonds.

ASSUMPSIT upon a warranty of certain railroad bonds sold by the defendants to the plaintiff ; brought to the Superior Court. The facts were found by a committee, and judgment rendered by the court (*Hovey, J.,*) for the plaintiff. Motion in error by the defendants. The case is fully stated in the opinion.

*E. W. Seymour,* with whom was *I. M. Bullock,* for the plaintiffs in error.

*H. B. Harrison,* for the defendant in error.

LOOMIS, J. This is an action for a breach of warranty contained in an advertisement for the sale of the second mortgage eight per cent. convertible bonds of the Indianapolis, Bloomington & Western Railway Company, published in the Bridgeport Standard, a daily newspaper, and continued in the daily issue of that paper from the 7th day of March, 1872, to the 27th day of April of the same year. The plaintiff noticed the advertisement soon after it appeared, and believing the representations therein made, and relying upon them as true, called upon the defendants, who were responsible for the advertisement, and purchased of them, on the 12th and 18th days respectively of March, 1872, the bonds mentioned in the declaration.

The advertisement, among other things, contained the statement that the railway referred to " is in successful operation, and earning net more than the interest on all its bonds," and the plaintiff's action is for a breach of this particular warranty.

The facts were found by a committee and the court rendered judgment for the plaintiff, which the defendants claim was erroneous, because the finding of the facts upon which the judgment was based shows no breach of the warranty.

In order to uphold the judgment, it must appear that the railway referred to, at the time of the warranty, to wit, on the 12th and 18th days of March, 1872, was not earning net more than the interest on all its bonds, within the meaning of the warranty.

The finding of the court expressly affirms this proposition in the very language of the issue, as follows:—" The committee find, however, upon the facts as above stated, the branches of the warranties are alleged in said last four counts of the plaintiff's declaration, to wit, that at the time the warranties were made in said sales of the 12th and 18th of March, 1872, the said road was not earning net more than the interest on all its bonds, and thereby was not in successful operation."

This would seem to be conclusive of the fact against the defendants, unless indeed the facts referred to are so inconsistent with the latter finding that it cannot stand, or unless the committee were led to the result by an erroneous construction of the contract of warranty.

None of the facts referred to are claimed to be inconsistent with the finding of the issue as above mentioned, except the fact that, in the months of March and April, 1872, the road did in fact earn a little more than the proportionate part of the interest on the bonds. This was an item of evidence in favor of the defendants to be considered, but it is not conclusive, even upon the defendants' construction of the warranty; for it merely shows that at the end of the month of March the road had earned more than one month's proportion of the interest, but it nowhere appears that up to the 12th and 18th days of that month, or for the month just prior to these dates, the road had earned more than the interest on the bonds; and considering the large deficiency at the end of the month of February next preceding, and the very small excess of earnings over the interest, (being only about $235,) at the

end of March, the probability would be that up to the 12th of March, or even the 18th of March, there would be no excess of earnings over the interest. It is further found that from October, 1870, down to the month of March, 1872, there was no single month in which the net earnings equaled a month's proportion of the interest; and there was no period of six months in the history of the road, so far as traced, when the road earned net more than the interest on its bonds.

It is not our province to revise the finding of the committee or the court upon matters of fact, and we have only referred to the facts to show that there is nothing necessarily inconsistent with the literal truth of the above mentioned finding of the breach of warranty, adopting even the construction of the contract claimed by the defendants. And this brings us to the only question of law raised in the court below. The defendants claim in substance that the finding of a breach of the warranty by the committee was the logical result of a misconstruction of the contract, and a consequent misapplication of the evidence. The record shows the respective claims of the parties on this point as follows: "The plaintiff claimed that, it being proved, as the committee has found, that the railroad company had never in any six months since it commenced operating the road, until and including the month of February, 1872, earned net more than the interest on all its bonds, a breach of the warranties in that particular was established; and denied the defendants' claim, on the other hand, that to show such breach of warranties the plaintiff must prove that at the very dates of the warranties the road was not earning net more than the interest on all its bonds, however it might be that until then such earnings may have been insufficient for such interest."

Ought the defendants' construction of the contract to have prevailed? We think not. A reasonable and common-sense construction should be given to such a warranty.

The object was to induce persons who might read the statement to invest their money in the interest-bearing bonds of the railroad company, by inducing a firm belief that the interest could and would be paid when due.

The warranty covered, and was intended to cover, the condition and ability of the road to earn money. To confine the statement to the very day or week or even month of the warranty, seems to us absurd. If it had appeared with an express limitation of that character it would have surely repelled instead of attracting purchasers.

It is quite obvious that there must be exceptional days and weeks, and even months, when the earnings of a railroad, from special and transient causes, will be carried far above the average. When therefore the advertisement stated that the road " is in successful operation and earning net more than the interest on all its bonds," it could not be taken to refer to exceptionally large earnings at the very date of the advertisement, nor to the time it might appear in the newspaper; but that the road was then on a paying foundation— that it was regularly, habitually, earning net more than the interest on all its bonds.

The legal issue was of course whether on the very day of the purchase of these bonds the statement which induced the purchase was true or false, but the evidence bearing on the issue would properly take a wider range to show the regular and reliable earnings of the road; and such a course is very common in actions for the breach of contracts of warranty; the condition of the thing warranted, both before and after the precise date of the warranty, tends to show its condition at the time.

As the interest on these bonds was payable every six months, the plaintiff quite naturally claimed that, as the railroad company had never in any six months since it commenced operating the road, until and including the month of February, 1872, earned net more than the interest on all its bonds, a breach of warranty was thereby established.

This was very strong evidence tending to show a breach of warranty, but upon the construction of the contract we have indicated it would not necessarily be conclusive in law; for these facts might be true and yet it might also appear that during the same time the financial condition and earnings of the road had been gradually improving, until at the

time of the warranty it was on a permanent paying foundation. In such case, notwithstanding the previous history of the road, the warranty might have been made good. But if this was the case, the after-history of the road would become all important.

In the case at bar, however, no such permanent condition as to earnings was ever reached, and the only fact in the after-history of the company which is disclosed by the finding, shows that it became insolvent, and in December, 1874, went into the hands of a receiver.

There was no error in the judgment complained of.

In this opinion the other judges concurred; except CARPENTER, J., who did not sit.