69  612
70  786

ARVINE H. PHILLIPS v. GEORGE W. CROSBY.

Argued February 20, 1903—Decided August 22, 1903.

1. A declaration on contract set forth a breach of warranty in the sale of certain shares of oil stock, consisting of false representations as to the lands of the company, number of oil wells in active operation, producing capacity and the dividends that were being paid and as to the value of the stock. It further averred that defendant represented himself to be a director and familiar with the affairs of the company and that relying upon the representations thus made, which were wholly untrue, and that the stock was wholly without value and the consideration money was wholly lost to the plaintiff—*Held*, that while the declaration did not disclose the facts necessary to sustain an action for deceit or for the recovery of money had and received, it was sufficient to sustain an action upon contract for breach of warranty.

2. Representations of facts as to the property of the company, its productiveness and other conditions having relation to the value or desirability of its shares as an investment, may be regarded as proper elements in a contract of warranty in the sale thereof.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HENDRICKSON and PITNEY.

For the demurrant, *Thompson & Cole.*

*Contra, John J. Crandall.*

PER CURIAM.

The action is on contract, and the declaration sets forth a breach of warranty in the sale of certain shares of the capital stock of the Ohio Oil Company of the par value of one dollar per share. The warranty consisted of representations as to the lands of the company, the number of oil wells then in active operation thereon, their producing capacity, the output therefrom, the dividends that were being paid out of the in-

come and as to the value of the stock, which was alleged to be greatly in excess of the par value. It was further averred that defendant represented that he was a director of the company and familiar with its affairs; that, relying upon the representations thus made, the plaintiff paid the consideration price agreed upon for the shares, which he thereupon received and still holds; that the representations are wholly untrue, and that the shares of stock were and are wholly without value; that thereby such consideration money was wholly lost to the plaintiff, to his damage, &c.

The defendant filed a general demurrer and contends in its support that the declaration does not set forth an action of tort for deceit, nor for the recovery of money had and received after returning or offering to return the property sold, these being the remedies pointed out in *Byard* v. *Holmes,* 4 *Vroom* 119, where the sale had been procured by means of false and fraudulent representations. It is true that the declaration does not disclose the facts necessary to sustain an action of the form and character of either of those thus named, but it does disclose, as we think, allegations of fact suitable to an action upon contract for breach of warranty, and, in order to sustain such an action, no previous return or offer to return the thing sold need be made.

The demurrant further contends that the declaration is not sufficient to support an action on contract for breach of warranty, because the facts alleged, except as to the value of the stock, do not relate to the thing sold, which was the stock; and that the alleged representation as to the value of the stock was a mere expression of opinion.

But the question whether such a representation amounts to a warranty, or is a mere expression of opinion, is usually a question for the jury. Under the facts pleaded in this case, we think the question is one for the jury.

Nor do we think that the other representations of fact, as pleaded, may be disregarded as not relating to the thing sold. Representations of fact as to the property of the company, its productiveness and other conditions having relation to the

value or desirability of its shares as an investment, may be regarded as proper elements in a contract of warranty in the sale thereof. This principle is illustrated in the cases of *Blake* v. *Walson*, 45 *Conn.* 323; *Callahan* v. *Brown*, 31 *Iowa* 333; *Humphreys* v. *Merriam*, 46 *Minn.* 413.

The demurrer is overruled, with costs.