ARVINE H. PHILLIPS, PLAINTIFF IN ERROR, v. GEORGE W. CROSBY, DEFENDANT IN ERROR.

Argued March 8, 1904—Decided November 14, 1904.

1. Where there is evidence to warrant a finding of the making of a contract and a breach thereof, it is error to nonsuit for failure of the plaintiff to prove substantial damages.

2. Whether a warranty is to be inferred from representations made
   in the course of negotiations which result in a contract of sale,
   is a question for the jury.
3. A plea which denies specifically the making of the contract and
   the representations which induced it, but fails to deny the aver-
   ment of the declaration that the representations were false, must
   be taken as confessing that the representations were false.

On error to the Supreme Court.   This case was tried at the
Atlantic Circuit, at the September Term, 1903, before Justice
Hendrickson and a jury, and a judgment of nonsuit ordered.

For the plaintiff in error, *Godfrey & Godfrey* and *John J.
Crandall*.

For the defendant in error, *Thompson & Cole*.

The opinion of the court was delivered by

SWAYZE, J.   The declaration in this case is extremely in-
formal, but it is possible to gather from its averments that
the action is brought to recover damages for breach of
warranty upon the sale of stock in an oil company.   *Phil-
lips* v. *Crosby,* 40 *Vroom* 612.   There is a single plea which
denies the alleged sale of stock and also denies the making
of the warranties set forth in the declaration.   Notwith-
standing the duplicity of the plea, the plaintiff joined issue
thereon.   At the close of the case the court ordered a non-
suit, upon the ground that there was a failure to prove the
amount of damages sustained by the plaintiff.

This was clearly erroneous.   If the contract and the breach
thereof were proved, the plaintiff was entitled to nominal
damages at least.   *Furniture Company* v. *Board of Educa-
tion,* 29 *Vroom* 646.

The defendant now insists that the nonsuit must be sus-
tained, because the plaintiff failed to prove a warranty.
There was, however, evidence justifying an inference that the
defendant made representations as to the stock of such a
character and under such circumstances that they would
amount to a warranty.   As was said by Justice Depue in
*Wolcott* v. *Mount,* 7 *Vroom* 262 (at *p.* 264), "statements

descriptive of the subject-matter, if intended as a substantive part of the contract, will be regarded in the first instance as conditions, on the failure of which the other party may repudiate *in toto;* by a refusal to accept, or a return of the article, if that be practicable, or if part of the consideration has been received and rescission therefore has become impossible, such representations change their character as conditions and become warranties for the breach of which an action will lie to recover damages." In the same case, when it was before this court, Chief Justice Beasley said: "Whether the representation or affirmation accompanying a sale shall be regarded as a warranty or as *simplex commendatio,* is a question to be solved by a search for the intention of the contracting parties." *Wolcott* v. *Mount,* 9 *Id.* 496, 498. Whether a warranty is to be inferred from the representations, is a question for the jury. The nonsuit cannot be sustained upon this ground.

The defendant also insists that there was a failure to prove a breach of the alleged warranty. This question is not presented upon the present record. The declaration avers that the representations were false; the plea specifically denied the making of the contract and the representations; it failed to deny the falsity of the representations. The plea must, according to the general rule of pleading, be taken to confess such traversable matter of fact as it does not traverse. 1 *Chit. Pl.* (14*th Am. ed.*) 616. The only issues upon the record are the making of the contract and of the representations.

The plaintiff urged in his brief that this court should now order judgment for the plaintiff, but, clearly, this cannot be done. Whether or not there was a contract of warranty is a question of fact still undetermined.

The judgment should be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DIXON, GARRISON, FORT, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN. 10.