### EUGENE M. COLLOTY v. EDWARD F. SCHUMAN.

Argued June 12, 1905—Decided November 13, 1905.

1. Any questions directly tending to show that the real import of a witness' testimony in chief is materially different from its original aspect are within the range of legitimate cross-examination.
2. A contract made with the authorized agent of a known principal binds the principal, but not the agent.

On appeal from the District Court of Atlantic City.

Before Justices DIXON and SWAYZE.

For the plaintiff, *Eli H. Chandler.*

For the defendant, *Thompson & Cole.*

The opinion of the court was delivered by

Dixon, J.   In the District Court of Atlantic City the plaintiff sued the defendant for a commission claimed by the plaintiff for renting a hotel at the instance of the defendant. The defendant contended that in employing the plaintiff he acted as the agent of his mother who owned the hotel, and that the plaintiff knew he was so acting.   The plaintiff having at the trial testified to his employment by the defendant, and that $42.50 of his commission had been paid by check, further testified on cross-examination that the check was drawn by Mrs. Schuman, and then was asked the following questions:

"Aside from receiving this check, did you ever meet her with regard to this transaction?"

"Did you have any conversation with her relating to the renting of this property?"

"Did you know at the time you had this conversation with Mr. Schuman that Mrs. Schuman was the owner of this property?"

"Did you ever have any conversation with Mrs. Schuman regarding your pay for your services in securing this tenant for this property?"

These questions were overruled on the ground that they were not proper cross-examination.   Such rulings are now assigned as reasons for reversal.

On the surface the plaintiff's testimony in chief was to the effect that his bargain was made with the defendant as principal.   Any questions directly tending to show that its real import was materially different would fall within the range of legitimate cross-examination.   The questions propounded were manifestly designed to elicit the fact that the plaintiff knew he was dealing with the defendant as his mother's agent, for such knowledge might be inferable from the plaint-

iff's being aware that Mrs. Schuman owned the hotel, that she had talked with him about renting it and about his pay for securing the tenant. If that inference should be drawn, the effect of the plaintiff's testimony would be essentially changed from its original purport.

Although the defendant had signed the lease to the tenant as if he himself were the landlord, that would not render him a principal in the contract with the plaintiff.

The overruling of this cross-examination was error.

On the defence the defendant testified that the plaintiff knew at the time that he, the defendant, was acting as agent for his mother, but the court refused to instruct the jury that such knowledge would defeat the action.

This also was erroneous, the legal rule being that a contract made with the authorized agent of a known principal binds the principal, not the agent.

The judgment must be reversed and the cause remitted to the District Court for a new trial.