JOSEPH B. JOHNSON

v.

TENNESSEE OIL, GAS AND MINERAL DEVELOPMENT
COMPANY et al.

[Decided May 10th, 1909.]

1. Under a resolution by directors of a corporation holding non-assessable stock, assessing each director a specified amount to be placed in the company's treasury to meet current expenses and cost of further development, the obligation of the directors is several and not joint, in the sense that each director is liable to the extent of his own assessment under the resolution, and not liable beyond that sum for the assessment made against any other defendant under the resolution, but after a decree in a proceeding by a judgment creditor to enforce this resolution has been entered assessing a specific amount against each director for the payment of the judgment, which amount was less than the total amount assessed under the resolution, and one director, a non-resident without property in the state, fails to pay his assessment under the decree, the judgment creditor under leave given in the decree may have the amount which such director failed to pay assessed against the other directors within the amount of each director's assessment under the resolution, and this additional assessment may be made without first exhausting the remedy against the non-paying director.

2. In an action at law for contribution, recovery against any defendant is limited to the proportionate share of such defendant, whether or not any of the other contributors were insolvent or without the state; but in equity a contributor is liable to contribute to the payment of the proportionate share of any other contributor who is insolvent or beyond the reach of process.

3. A resolution was adopted by the directors of a corporation assessing each director a specific amount for the payment of claims against the corporation. A judgment creditor of the corporation obtained a decree against the directors assessing each a specific amount under the resolution in payment of his judgment, and all of the directors paid the amount assessed except one, and the judgment creditor obtained a decree against the paying directors assessing the amount upon them that the other director failed to pay.—*Held*, that the decree should contain a provision that, on payment by any of the directors under the decree, of his proportion of the amount assessed against the non-paying director, he should be subrogated to the rights of the judgment creditor against such non-paying director, and that the judgment creditor, if required, must assign the benefit of the decree to the director making such payment.

On application under leave reserved in decree.

*Mr. Walter J. Knight,* for the complainant.

*Mr. Frank E. Bradner, Mr. Leo Stein* and *Mr. Abner Kalisch,* for the defendants.

EMERY, V. C.

The decree in this case settled the amount of the debts or obligations incurred by the company under the resolution for assessment, and after declaring "that each defendant is individually responsible for his *pro rata* portion of the debt and interest," fixed the amount each defendant should pay as such proportion. The amount fixed was the *pro rata* portion for each defendant and was less than the amount assessed against each defendant by the resolution. Leave was reserved in the decree to apply for further directions as to the liability of any defendant for the portion of the decree unpaid by any other defendant, the question as to whether the liability of the defendants for the said debt and interest is collective as well as individual, being expressly reserved for further hearing.

Five of the six defendants have paid their *pro rata* portion as fixed by the decree; the other defendant Reitlinger has not paid his portion. He is a non-resident and although he appeared and answered in the suit, he has no property in the state which can be reached for the satisfaction of the decree, and the execution issued on the decree has been returned unsatisfied. Application is now made by complainant under the leave reserved for further direction or decree as to the liability of the other defendants to pay or contribute toward the satisfaction of the debt, up to the limit of their assessment under the resolution. The obligation of the defendants under the resolution is several and not joint, in the sense that each defendant is liable to the extent of his own assessment under the resolution, and not liable beyond this sum for the assessment made against any other defendant under the resolution. But the real question is whether in working out by a decree the full liability of each of the de-

fendants to the complainant under the resolution, any defendant should be liable at all for the proportion of the debt which any other defendant may, in the first instance, be directed by the decree to pay. At law each defendant liable to the company under this resolution would have been separately liable for the whole amount of his subscription, so far as necessary to pay the debts or obligations covered by the resolution, and any defendant who by reason of such recovery in the suit at law, paid more than his proportion of the debt, would then have himself been put to an action for contribution against his co-directors or co-obligors. In an action at law for contribution, recovery against any defendant would have been limited to the proportionate share of each, independent of the question whether any of the other contributors were insolvent or without the state. In equity the contributor or co-surety would be liable to contribute to the payment of his proportionate share of any co-surety insolvent or beyond the reach of process. This is the essential difference between the legal and equitable basis of contribution in an action for contribution by one contributor or co-obligor who has overpaid. But this question of the right or limit of contribution between themselves, which arises only after full payment to the creditor by one or more of the debtors liable, does not affect or impair the right of the complainant as creditor under the resolution, to recover from each of the defendants liable, up to the amount of his separate assessment, if necessary for the payment of his debt. By filing a bill in equity for the recovery of the debt against all of the defendants, the complainant subjects himself to the equity of submitting to such decree in the case as may be equitably made for contribution among the defendants themselves, but the enforcement or working out in the creditors' suit of the equities between the defendants themselves, does not require, and should not permit, any limitation by decree, condition or otherwise, of complainant's right against each defendant, up to the full amount of his assessment, if necessary for paying the debt. By the decree already made, the proportionate liabilities of the defendants were fixed as between the defendants liable, who appeared in the suit and who were

not claimed to be insolvent, on the basis of each paying his *pro rata* share, but it now appears by the return of execution unsatisfied, that the complainant's right to have from the non-resident defendant his proportion of the debt or decree, cannot be worked out because he has no property subject to execution within the state. Complainant's whole debt or claim under the resolution being, therefore, established by the decree, he is entitled under the leave reserved, to a further decree declaring and directing that the remaining defendants, up to the amount of their several assessments fixed by the resolution, are each further liable for the payment of so much of the amount directed to be paid by Reitlinger as has not been paid by him.

It was claimed by the defendant that no such decree should be made until the remedy against Reitlinger had been exhausted by suit upon the decree in the state of his residence, but this, I think, would be an unjustifiable limitation of the complainant's right to recover in this suit or at law against each defendant severally the whole amount of his assessment so far as necessary to pay his debt. The appearance, answer and trial on the merits make the decree final against the non-resident, both as against complainant and between the parties themselves. The failure to find property within this state to satisfy the decree puts the complainant, so far as the courts of this state are concerned, in the same condition as if Reitlinger were insolvent, or not within reach of process, and as this situation has developed in the attempt to work out the decree for complainant's rights, which was based on Reitlinger's appearance and answer and the absence of any suggestion of his insolvency, the remedy is to be found in a further decree. This is the course pointed out as the one proper and equitable to be taken, where, after assessments upon stockholders to pay debts of the company, some of the stockholders assessed do not pay and have no property within the jurisdiction subject to execution. *Godfrey* v. *Terry (1877), 97 U. S. 171,* Justice Miller (at *p. 177*). The course directed here was a new assessment against the other stockholders to pay the share of the stockholders as to whom *nulla bona* was returned, and to continue until all should be

paid, or the sum of the several liabilities exhausted. The expression of Vice-Chancellor Pitney in *See, Receiver,* v. *Heppenheimer, 69 N. J. Eq. (3 Robb.) 36, 63,* that in an action of this character the stockholders who are solvent and within the reach of process of the court must bear the whole burden, if it be taken to refer only to process for appearance, must not be taken as any adjudication upon the point now raised as the point was not involved or argued.

As the resolution in this case expressly fixed the amount of each assessment, my present view is that complainant cannot be further required to take another decree for the proportionate assessment of Reitlinger's decree, but is entitled to a decree against all of the remaining defendants for Reitlinger's assessment, the recovery against any defendant, however, not to exceed the amount of his assessment as fixed by the resolution, less the amount already paid. The decree may contain a clause providing that if any of the defendants other than Reitlinger should pay the decree against him or any portion of it, then they shall be subrogated as against the other defendants to the rights of the complainant against Reitlinger, and complainant must, if required, assign the benefit of the decree. Such right to enforce contribution was recognized in *Masters* v. *Rossie, &c., Co. (1845), 2 Sandf. Ch. 301,* and the method of subrogation is the practice indicated in *Boice* v. *Conover (Court of Errors and Appeals, 1901), 63 N. J. Eq. (18 Dick.) 273, 275.* The decree will be settled on notice.