SAMUEL H. BARRISH, PLAINTIFF AND APPELLEE, v. CHARLES S. ORBEN, DEFENDANT AND APPELLANT.

Submitted December 4, 1908—Decided June 7, 1909.

1. Where it is necessary for a party, in order to maintain the issue, to prove several facts, the court should admit any legitimate evidence tending to establish either fact.

2. Where the plaintiff testified to transactions with one Runyon as with the agent of the defendant, it was error to exclude cross-examination tending to show that he knew he was dealing with Runyon as with a principal or with him as the agent of another than the defendant.

On appeal from the First District Court of the city of Newark.

Before Justices REED, TRENCHARD and MINTURN.

For the appellant, *Prout & Prout.*

For the appellee, *Philip J. Schotland.*

The opinion of the court was delivered by

TRENCHARD, J. This action was brought in the First District Court of the city of Newark, by Samuel H. Barrish against Charles S. Orben, to recover damages for the breach of a contract which the plaintiff is alleged to have had with the defendant for the painting of houses belonging to the defendant.

The learned trial judge, sitting without a jury, rendered judgment for the plaintiff, and from that judgment the defendant appeals to this court.

The testimony at the trial showed that the plaintiff, Barrish, was a painter; that he submitted to one Runyon a written signed estimate of the amount for which he agreed to furnish the material and labor necessary to do the painting of ten houses; that later he worked upon the houses of the defendant until he was stopped. It was to recover for such painting that this suit was brought.

The written estimate upon its face does not show to whom it was submitted nor upon whose houses the work was to be done, nor does it show acceptance. According to the plaintiff's contention, which there was evidence tending to support, Runyon was the agent of the defendant, and the defendant was present when the estimate was submitted to Runyon. According to the defendant's contention, which there was also

testimony tending to support, the defendant was not present, and had no knowledge of the transaction, and Runyon was not his agent but was acting on his own account. It also appeared in evidence that Runyon had a sub-contract to do the painting in question from one Frank G. Orben with whom the defendant had contracted for the erection and finishing of the houses.

To maintain his defence, therefore, it was material and relevant for the defendant to show, not only that Runyon held the contract for the painting in question, but also, if he could, the time when his contract was entered into and that the plaintiff had knowledge of it. These things he attempted to show, but the testimony was excluded by the trial judge, and the defendant assigns such action, among others, as causes for reversal.

We think the trial judge erred in overruling the question put by the defendant to Frank G. Orben, as to the time when he sub-let the contract for painting to Runyon. It was one of several facts necessary for the defendant to prove in order to maintain the issue which he had tendered.

We think, also, that the trial judge erred in overruling the cross-examination of the plaintiff as to whether he knew there was a contract between the defendant and Frank G. Orben which included the painting in question. The plaintiff had already testified in effect that he was dealing with Runyon as the agent of the defendant. The question propounded was manifestly designed to elicit the fact that the plaintiff knew he was dealing with Runyon either as agent of the contractor or as a sub-contractor, and not with him as the agent of defendant, for such knowledge might be inferable from plaintiff's being aware that there was a contract between the defendant and Frank G. Orben which included the painting in question. *Colloty* v. *Schuman*, 44 *Vroom* 92.

The judgment of the court below must be reversed and a *venire de novo* awarded.