JAMES McCAULEY v. RIDGEWOOD TRUST COMPANY.

Submitted July 8, 1910—Decided March 13, 1911.

1. An action will lie for the breach of a warranty on a sale by the defendant personally to the plaintiff of a bond payable by a third party to the defendant as trustee or to bearer.
2. When a warranty is made at the time of the sale, it is part of the entire contract, and the price paid for the subject of the sale constitutes the consideration for it.
3. When a person acts and contracts avowedly as the agent of another, who is known as the principal, his acts and contracts, within the scope of his authority, are the acts and contracts of the principal, and involve no personal liability on the part of the agent.
4. A trustee of a corporate mortgage, by signing a certificate on each of the bonds of the corporation that "this bond is one of a series of bonds mentioned in the deed of trust within referred to, executed by the Bayamon Plantation Company to the trustee," does not thereby render himself liable to a purchaser of the bonds from the corporation in case the mortgage proves not to have been a first lien upon the property covered by it as recited in the bond.
5. A trust company created under the act concerning trust companies (*Pamph. L.* 1899, *p.* 450), has power to become a guarantor or indemnator of a bond made by a corporation to it as trustee.
6. A trustee of a corporate mortgage which provides that the trustee shall not be liable for any failure to record the mortgage, may nevertheless, make a special contract, independent of or in substitution for the provision in the mortgage, whereby he agrees with the purchaser of a bond, secured by such mortgage, to record the mortgage, and for failure to perform such contract he is liable.

On defendant's demurrer to certain counts of plaintiff's declaration, and plaintiff's demurrer to certain pleas of the defendant.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff, *Griggs & Harding.*

For the defendant, *Doremus & Lecour* and *Harlan Besson.*

The opinion of the court was delivered by

TRENCHARD, J. The defendant, the Ridgewood Trust Company, filed a general demurrer to the first, second and third counts, respectively, of the plaintiff's declaration, and the plaintiff filed a general demurrer to the fourth, fifth and sixth pleas, respectively, filed by the defendant.

We are of opinion that the first count is good. It alleges that "in consideration that the said plaintiff, at the special instance and request of the said defendant, would buy of the said defendant a certain bond," payable by the Bayamon Plantation Company to the defendant as trustee under a trust mortgage, or to the bearer, "the said defendant undertook and then and there faithfully promised the said plaintiff" that the bond was secured by the mortgage referred to, and that the mortgage at the time of the sale was recorded in Porto Rico and appeared of record as the first and only lien upon or against the lands and property covered by the mortgage. The count further alleges that the plaintiff, confiding in such promise and undertaking, bought the bond of the defendant, paying $500 therefor; that if the defendant's warranty had been true there was ample property to protect the bonds, of which the plaintiff's was one, but that in fact the warranty was false and the plantation company having become insolvent, and the mortgage not having been recorded as warranted, the bonds were without security, and became valueless, to the plaintiff's damage, &c.

It is contended that the count does not disclose a contract between the defendant and the plaintiff. We think it does. It alleges a warranty on a sale by *"the defendant"* to the plaintiff of a bond payable by the plantation company to the defendant as trustee, or to bearer. That imports a warranty

made by the defendant personally and not as trustee. For the breach thereof an action will lie. *Phillips* v. *Crosby,* 40 *Vroom* 612; *S. C.,* 41 *Id.* 785. The fact that the bond was payable to the defendant as trustee, or to bearer, and was secured by a mortgage given by the plantation company to the defendant as trustee for the bondholders, as appears by reference to the bond annexed to and forming a part of the declaration, is immaterial. *Nash* v. *Minnesota Title, &c., Co.,* 159 *Mass.* 437; *Brewer* v. *Slater,* 18 *App. Cas. (D. C.)* 48.

It is further contended that no consideration is shown. We think there is. The warranty is alleged to have been made at the time of the sale. It was therefore a part of the entire contract, and the price paid for the bond constitutes the consideration for it. 30 *Am. & Eng. Encycl. L. (2d ed.)* 132.

We think the second count is bad. It sets up that "the defendant, acting for the *Bayamon Plantation Company,* in consideration that the said plaintiff, at the special instance and request of the said defendant, *would buy of said Bayamon Plantation Company* a certain bond, * * * the said defendant undertook and then and there faithfully promised," &c., and then continues with the same allegations as the first count. This count therefore comes within the rule that when a person acts and contracts avowedly as the agent of another, who is known as the principal, his acts and contracts, within the scope of his authority, are the acts and contracts of the principal, and involve no personal liability on the part of the agent. *Colloty* v. *Schuman,* 44 *Vroom* 92; *Hauenstein* v. *Ruh, Id.* 98.

The third count is also bad. It varies from the second count in alleging that the defendant, acting as trustee under the mortgage, requested the plaintiff to purchase the bond, and in consideration that the plaintiff, at the special instance and request of the defendant, would purchase such bond from the defendant, which the defendant sold as trustee for the Bayamon Plantation Company at and for a certain price or sum of money to be therefor paid to the defendant. trustee for the Bayamon Plantation Company, the defendant under-

took, &c. This count therefore imports that the defendant acted in behalf of its *cestui que trust*, the Bayamon Plantation Company. An examination of the bond itself shows that it contains a statement alleging itself to possess qualities which conform exactly to those which the plaintiff alleges the defendant, acting for the plantation company, warranted it to possess. The defendant therefore had implied power as trustee or agent of the plantation company to make the warranty in question. The warranty being only the act of an agent within the scope of an authority conferred upon it by a known principal, the defendant incurred no personal responsibility under the cases last cited. Nor did the defendant incur any personal liability by reason of the endorsement on the bond signed by the trustee. It was as follows: "This bond is one of a series of bonds mentioned in the deed of trust within referred to, executed by the Bayamon Plantation Company to the trustee (signed) Ridgewood Trust Company, Trustee, by Cornelius Doremus, President." Speaking of such a certificate a text-writer has said: "The limited and guarded terms of a trustee's certificate cannot be lawfully held to embrace a representation or guaranty of the truthfulness of the description of the obligation as made by the obligor. Trustees act for a comparatively trifling consideration, limiting their liability to their own acts of negligence and misconduct, and it would be unfair to put so serious a burden as a guaranty upon them. So far as appears, there is not a single adjudication extending their liability to even an implied guaranty of the securities whose mere identity they have authenticated. *Jones Corp. B. & Mort.* (3d ed.), § 287 a. See, also, *Tschetinian* v. *City Trust Co.*, 97 *App. Div.* (*N. Y.*) 380; *Byers* v. *Union Trust Co.*, 175 *Pa. St.* 318; *Short Ry. Bond & Mort.*, § 300.

The plaintiff's demurrers to the third and fourth pleas respectively must be sustained. The third plea is to the fourth count and the fourth plea is to the sixth count.

The fourth count alleges that the defendant, having such interest as trustee in the sale of the bond, in consideration

that the plaintiff would buy the bond, promised the plaintiff that the defendant would be liable for and pay to the plaintiff the principal sum of the bond and all unpaid interest therein, in case the Bayamon Plantation Company should at any time fail to pay any interest thereon, when and as soon as the same should become due, and that the defendant in such case would pay the principal sum and interest within a reasonable time after such failure to pay such interest, &c.

The sixth count alleges that the defendant, having such interest as trustee, in the sale of such bond, in consideration that the plaintiff would buy the bond, promised the plaintiff that the defendant would be liable for and pay to the plaintiff any loss or depreciation in value which the plaintiff might thereafter at any time sustain by reason of the difference between the par value of the bond and unpaid interest thereon at any time, and the actual value of the bond, and that the defendant would pay to the plaintiff the same within a reasonable time after such loss and depreciation.

The defendant, by its third and fourth pleas to these counts respectively, sets up *ultra vires* in the following respect, namely, that the defendant is a trust company created under the act concerning trust companies (*Pamph. L.* 1899, *p.* 450), and that by the provisions of the act the powers of the company were defined and limited, and that the promises in such · counts were beyond the scope and limit of the powers conferred on the defendant company.

We are of opinion that the act of 1899 does not so limit the defendant's powers. By section 6 (at *pp.* 453, 455) several special powers are given, the exercise of which call for the power to make the promises in question.

Thus by subdivision 10, of section 6 (at *p.* 454), trust companies are given, among other powers, the following: "10. To purchase, invest in and sell stocks, promissory notes, bills of exchange, bonds and mortgages and other securities." By this subdivision alone, the power to make the promises in question is implied as appropriate and convenient to the power "to purchase, invest in and sell" bonds. When the express power is given to the trust company "to purchase, invest in and sell"

bonds, it is manifest that it is appropriate and convenient for it to have power to become a guarantor or indemnator with respect to bonds in order to carry into effect such expressed power and to obtain the best price for the sale of the bonds.

Again, by section 6 (at *p.* 453), the trust company is given the general powers conferred by the "Act concerning corporations (Revision of 1896)," so far as the same are not inconsistent with the act of 1899. In *Ellerman* v. *Chicago Junction Railway Co., 4 Dick. Ch. Rep.* 217, 241, it was argued that section 2 of the Corporation act of 1896, in providing that no corporation should possess "powers except such as shall be necessary to the exercise of the powers so enumerated and given," meant indispensable powers; but it was decided that the word "necessary" did not mean "indispensable." Vice Chancellor Green, in his opinion, says:

"The construction to be given to the words 'necessary to the exercise' is settled in this state. Chief Justice Beasley, delivering the opinion of the Court of Errors and Appeals in *State, Railroad Company* v. *Hancock,* 6 *Vroom* 537 (at *p.* 545), says: 'Power *necessary* to a corporation does not mean simply power which is indispensable.' Page 546: 'A power which is obviously *appropriate and convenient* to carry into effect the franchise granted has always been deemed a necessary one.' Page 547: 'In short, the term comprises a grant of the right to use *all the means suitable and proper to accomplish the end* which the legislature had in view at the time of the enactment of the charter.' *McCullock* v. *Maryland,* 4 *Wheat.* 316, 414; *Olmsted* v. *Morris Aqueduct,* 18 *Vroom* 311; *Crawford* v. *Longstreet,* 14 *Id.* 325; *Morris Canal* v. *Love,* 8 *Id.* 60."

While the power to make the promise in question appears as an appropriate and convenient power to carry out the power expressly given by subdivision 10 alone, without reference to any other part of the Trust Company act, such power is further indicated by subdivision 2 (at *p.* 453), where power is given to act as agent "*for any purpose* now or hereafter required by statute or otherwise;" also by subdivision 5 (at *p.* 453), "to act as trustee under any mortgage or bond," &c.; also by subdivision 8 (at *p.* 454), "to take, accept and execute any and all

such legal trusts, duties and powers in regard to the holding,
management and disposition of any estate, real or personal.
* * * or the sale thereof, as may be granted or confided to it
by any court of record, or by any person, corporation," &c.;
and also by subdivision 9 (at p. 454), "to take, accept and
execute any and all such trusts and powers of whatever nature
or description as may be conferred upon or intrusted or com-
mitted to it by any person * * * or corporation," &c.
Moreover, that the legislature did not intend by the act of 1899
to restrict the power of trust companies to make such promise
of guaranty or surety generally, is further indicated by sub-
division 14 (at p. 455), which gives them power "to insure the
fidelity of persons holding offices or places of trust and respon-
sibility and to become sole surety," &c.

The plaintiff's demurrer to the defendant's fifth plea must
be sustained. This plea is to the fifth count. That count
alleged that, in consideration that the plaintiff, at the special
instance and request of the defendant, would purchase one of a
series of $500 bonds from the defendant, the defendant
promised the plaintiff that the defendant would immediately
thereafter cause the mortgage executed by the Bayamon Plan-
tation Company to the defendant as trustee to secure such
bonds to be duly recorded, &c. It then avers that the plaintiff,
confiding in such promise, bought such bond for $500, the
breach of the promise and the damage, &c. The plea to this
count is that the mortgage provides that the defendant shall
not be liable for any "failure to file or record this instrument
as a mortgage or conveyance of the real estate, or as a chattel
mortgage."

But this provision has not the effect to prevent the defend-
ant from making the special independent contract to record the
mortgage, with any particular purchaser of a bond such as the
plaintiff. The count in question imports an express promise,
independent of or in substitution for the provision of the mort-
gage, upon a valuable consideration moving between the plaint-
iff and the defendant. In such case, the defendant is deemed
to have waived the provision in the mortgage.

Upon the whole case the result is that the demurrer to the first count is overruled; the demurrers to the second and third counts respectively are sustained; the demurrers to the third, fourth and fifth pleas respectively are sustained.

Each party having succeeded in part and failed in part, no costs will be allowed either party.