RICHARD G. EDWARDS, PLAINTIFF-RESPONDENT, v. JAMES H. PARSELLS, DEFENDANT-APPELLANT.

Decided June 17, 1927.

Appeals—Exceptions Taken to Charge of Court Only Grounds Alleged For Reversal—None of the Grounds Mentioned are Properly Reviewable—Judgment Affirmed.

On appeal from the Atlantic County Circuit Court.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *William Charlton*.

For the respondent, *Lee F. Washington*.

PER CURIAM.

The plaintiff below recovered a judgment against the defendant below in the Atlantic County Circuit Court for the sum of $1,084.56, together with costs, taxed at $66.85.

From this judgment the defendant has taken an appeal to this court.

Counsel of appellant in the brief says: "Defendant-appellant will confine his grounds of reversal to the exceptions taken to the charge of the court." Turning to what are denominated exceptions taken to the charge of the court, as disclosed in the printed record, we find the following: "I ask an exception to the court's charge on the ground that the court's charge does not place the burden of proof upon the plaintiff to prove the agreement as testified to and according to the testimony.

"Second. The court has interpreted the facts according to his version and not according to the testimony itself.

"Third. Upon the ground that the court has taken from the jury the right to consider all the testimony and has limited it to an interpretation of the word 'if,' which term was invented by the court."

It is apparent that these alleged exceptions do not point out with any greater degree of definiteness the alleged error or errors in the court's charge than is pointed out by a general exception to the charge, and this latter course has been held to be improper. It is to be observed that these so-called exceptions are rather in the nature of general criticisms of the court's charge. They are in substance merely conclusions of counsel deduced from undisclosed facts. An exception, in order to be valid, must be specific enough to inform the trial

judge what particular statement or statements made by him in the charge is or are erroneous in fact or in law.

The exceptions referred to are made the subject of the second ground of appeal which has four subdivisions, three of which repeat the exceptions taken as above set forth, and the fourth subdivision is not founded upon any alleged exception, and is as follows: "The court submitted the case to the jury upon a single theory, taking away from the jury the right to consider all the testimony."

None of these grounds of appeal under the firmly settled law of this state is properly reviewable. They do not point out the portions of the charge to which objection was made. *Kargman* v. *Carlo*, 85 *N. J. L.* 632; *Miller* v. *Delaware River Transportation Co.*, 85 *Id.* 700. Furthermore, we have examined the charge of the trial judge and find it to be free of criticism made upon it by counsel of appellant.

Judgment is affirmed, with costs.