MARTHA GRIFFIN, RESPONDENT, v. JAMES BUTLER GROCERY COMPANY, APPELLANT.

Argued February 11, 1931—Decided October 19, 1931.

For the appellant, *Alexander M. MacLeod.*

For the respondent, *Nathan Rabinowitz.*

The opinion of the court was delivered by

PARKER, J. The case for the plaintiff-respondent was that she had bought from appellant company a can of canned peaches for use as food, and had been made violently ill as a result of eating part of the contents of the can. She based her suit on warranty, express or implied, or both, that the peaches were wholesome and fit for consumption by her, and on alleged breach of that warranty. Defendant answered with a general denial. The court denied a motion to nonsuit on the ground that there was no evidence to indicate either that the peaches were unfit for food, or that plaintiff had suffered injury as a result of eating them. The same disposition was made of a motion to direct a verdict for defendant on similar grounds. The court further overruled a claim of express warranty made by plaintiff, on the ground that the evidence did not support it, and gave the case to the jury on the theory of implied warranty alone. From a verdict and judgment for plaintiff, defendant appeals, and assigns as grounds, error in the refusal to nonsuit and direct, and error in the charge.

On the facts, there was a plain case for the jury. The plaintiff, Mrs., Griffin testified that she went to defendant's store to buy some sugar and butter, and was waited on by the salesman accustomed to serve her: that after she had completed this purchase and was ready to leave the store he said, "don't you want to try a can of our peaches?" He says, "we have got them on sale," he said, "a large can," he says, "for seventeen cents," he says, "and they are a good, large can," and I says, "well, all right, and then I will take one can and if we find we like them I will get some more."

This testimony regarding the sale and purchase of the peaches at defendant's store was not denied. The only witnesses for defendant were an employe of the California packing concern that put up the peaches in cans, and four phy-

sicians, two of whom attended plaintiff or some member of her family at her home and at the hospital, one was called as a medical expert, and the fourth was pathologist of the National Canners' Association at Washington. The testimony for plaintiff indicated that the can of peaches was opened at her house just before supper, and the contents emptied into a glass dish. Those at supper were plaintiff, her son, her daughter Mrs. Berni, and two of Mrs. Berni's children. Besides the peaches, there were tea and toast, and the son had an egg, and one or more of the children may have had milk. All ate the peaches except the son. All except the son were made violently ill with diarrhœa and vomiting and other symptoms of acute gastric and intestinal disturbance. Mrs. Berni, who joined as plaintiff in her own right (Practice act of 1912, section 4) and was nonsuited for reasons presently to be stated, was ill eight weeks and was reduced in weight from one hundred and forty-five pounds to ninety pounds. Her little boy died within twenty-four hours, and the other child died at the hospital. Plaintiff herself was in bed three months. Her son, William, was the only one that came through unscathed, and the only one that did not eat the canned peaches. The evidence was to the effect that tea, toast, milk and egg were in the usual condition and presumably wholesome. The inferences, therefore, that the party were poisoned by bad food, and that such bad food could have been none other than the peaches, were legitimate, if not indeed necessary; and hence, there was a clear case for the jury on the facts.

As has been stated, the court laid the case before the jury on the theory of implied warranty arising out of the provisions of section 15 of the Sale of Goods act. *Pamph. L.* 1907, *p.* 316; *Comp. Stat., p.* 4650. There was a nonsuit as to Mrs. Berni, the other several plaintiff, on the ground that she was not a party to the sale, and hence not entitled to the benefit of any implied warranty. She does not appeal, and therefore we are not concerned with this phase of the litigation. With respect to warranty in favor of Mrs. Griffin, the respondent, the judge charged the jury in the fol-

lowing language, which by the fifth (and only remaining) ground of appeal, is assigned as error:

"The plaintiff in this case alleges in her complaint regarding this sale of the can of peaches to her by the salesman of the defendant that there was an implied warranty as to the quality and fitness of the peaches for the purpose for which she used them, that is, for eating.

"Under section 15 of the Sale of Goods act, which is found in our Compiled Statutes (4 *Comp. Stat.* 1910, *p.* 4650), that section provides as follows:

" 'Subject to the provisions of this act and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows: (1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose.

" '(2) Where the goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality.' "

"Subdivision 3 of section 15, relates to examination by the purchaser, and subdivision 4 relates to sale under patent or trade name, and subdivision 5 relates to usage of trade. But with these three subdivisions, 3, 4 and 5, we are not now concerned in this case.

"Subdivision 6 provides 'an express warranty or condition does not negative a warranty or condition implied under this act unless inconsistent therewith.'

"Now, in this case Mrs. Griffin, the plaintiff, originally claimed that there was an express warranty. I have decided as a matter of law that there is no evidence of an express warranty, so you dismiss the thought of an express warranty from your minds. Counsel for the plaintiff was under the impression that the salesman who sold the goods had ex-

pressly warranted the good quality of the peaches, but there was no evidence to that effect, so that you do not take that into consideration in determining this case.

"The question before you is solely on the implied warranty, and I have read you the statutes in that connection."

From a technical standpoint, we need not consider the merits of this ground of appeal at all, for two reasons. In the first place, the exception taken at the trial is futile, as not pointing out the alleged error intended to be reviewed. It reads as follows:

"I would like to ask one exception; that is, I would like to take an exception to so much of your honor's charge as deals with the application of the New Jersey Sales act to food sold in sealed containers."

Such an exception, as we have many times held, is without efficacy. On this point it is sufficient to cite such cases as *Doran* v. *Asbury Park,* 91 *N. J. L.* 651; *Thibodeau* v. *Hamley,* 95 *Id.* 180; *Goldfarb* v. *Phillipsburg Transit Co.,* 103 *Id.* 690, and *Edwards* v. *Parsells,* 137 *Atl. Rep.* 795; 5 *N. J. Mis. R.* 658.

Secondly, a ground of appeal covering a portion of the charge containing several propositions of law, and not pointing specifically the proposition or propositions claimed to be erroneous, will not be considered. *McKenna* v. *Reade,* 105 *N. J. L.* 408, in which the cases are collected.

But apart from this we can find in the instructions above quoted no injurious error within the scope of the exception taken. That exception suggests merely that in applying the statute a distinction should be drawn between food sold in bulk or by measure and that sold in sealed containers; and the same suggestion is repeated in the brief for appellant. We fail to discern any merit in it. Subdivision 1 of section 15, of the Sales act, is general in its terms, and charges the seller "whether he be the grower or manufacturer or not." As was said by the Supreme Court of Massachusetts in *Ward* v. *Great Atlantic and Pacific Tea Co.,* 231 *Mass.* 90; 120 *N. E. Rep.* 225, there is no sound reason for engrafting an exception on the general rule because the subject of sale is

canned goods not open to the inspection of the dealer; and as that court further points out, the seller can recoup from the manufacturer, while in that regard the retail purchaser is greatly at a disadvantage. Of this, the case at bar is an apt illustration, as the cannery was in California, and the purchase was made in Paterson, New Jersey.

Subdivision 1, therefore, was adequate to support a recovery under the conditions which the jury could find as existent in this case. These conditions differ in an important particular from those obtaining in the recent New York case of *Ryan* v. *Progressive Grocery Stores,* 255 *N. Y.* 388, in which, as we read the report, plaintiff's wife, who made the purchase, merely asked for "a loaf of Ward's bread," which was supplied to her without comment in a sealed package. That situation is not now before us. The New York court on the facts before it denied recovery under the first exception in section 15, but allowed it under the section relating to sales by description, which, as appears above, the court in the present case allowed the jury to consider.

We see no present reason to dissent from the view expressed on this point in the New York case, but are not required to decide the applicability of this clause of the statute, because the exception did not raise that point, and consequently it is not before us.

The judgment will be affirmed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Daly, Donges, Van Buskirk, Kays, Wells, JJ. 12.

*For reversal*—None.