**METZGER v. BREEZE CORPORATIONS, Inc. (BERGEN & CO., Ltd., et al., Third-Party Defendants).**

**No. 127.**

District Court, D. New Jersey.
March 17, 1941.

Wise, Shepard, Houghton & Lebett, of New York City, and Raymond Saltzman, of Camden, N. J., for plaintiff.

Harry Green, of Newark, N. J., for defendants.

Furst & Furst, of Newark, N. J., for Clarence E. Pistell.

WALKER, District Judge.

1. Breeze Corporations Inc.[1], registered its common stock with the Securities and Exchange Commission, on or about January 26, 1937. The statement was signed by the defendants and by post amendments, it became effective on January 13, 1937.

[1] A corporation of the State of New Jersey. Referred to hereafter as "Breeze".

2. During the month of February, 1937, the plaintiff acquired a certain number of the registered shares and on December 28, 1938, he filed a complaint herein charging that a part of the registration statement, when it became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements not misleading.[2]

3. Section 11 of the Act[3] lists all who are liable if part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact and all or any one or more of the persons specified in subsection (a) are jointly and severally liable, and every person who becomes liable to make any payment under said section may recover a contribution as in cases of contract from any person, who if sued separately, would have been liable to make the same payment, unless the person who has become liable was and the other was not guilty of fraudulent misrepresentation.[4] The rights and remedies so provided are in addition to any and all other rights and remedies existing at law or in equity.[5]

4. The defendants, on the theory that others were jointly or severally liable with them or that they might become liable to make payment to the plaintiff and thereby entitled to have contribution, as in cases of contracts from others, who, if sued separately would have been liable to make the same payment unless the defendants were guilty of fraudulent misrepresentation, and the others were not, and because of other rights and remedies existing at law or in equity, applied to this Court for leave to file a third-party complaint. Leave was granted by order dated April 24, 1940, and the complaint was filed April 25, 1940, and served upon Clarence K. Pistell on April 26, 1940. Mr. Pistell moves to dismiss the third-party action on the ground that same was not brought within the time prescribed by the Act[6], and further, the third-party complaint fails to state a claim upon which relief can be granted.[7]

5. The third-party complaint has three counts. The first does not seek relief against Clarence K. Pistell and can be passed. The second, is for all sums that may be charged in favor of the plaintiff, Samuel Metzger against the third-party plaintiffs.[8] It charges that John J. Bergen Co., Ltd., was the underwriter of the stock and John J. Bergen and Clarence K. Pistell were in active management and control of the purchase and sale thereof, and the registration statement was prepared under the direction and control of John J. Bergen Co., Ltd., John J. Bergen and Clarence K. Pistell and was based upon statements, balance sheets, audits and appraisals prepared under their direction by certified public accountants and other experts selected by them. It also charges that in placing said registration statement on file they, the third-party plaintiffs, relied upon the statements, balance sheets, audits and appraisals and other information made to and for them by the third-party defendants, their agents and servants. The next and last requires the third-party defendants to answer for a prospectus dealing with the said stock and the transportation and communication of said prospectus to the public through the mails and in interstate commerce.[9] It is contended that Samuel Metzger and his assignors made their purchases relying upon the said prospectus and representations by the third-party defendants and not upon the registration statement.

█ If the causes of action in the third-party complaint have been created by Sections 11 and 12 of the Securities Act of 1933 [10], which fixes a time within which the action must be brought as an essential element of the right to sue [11], that is, if complaint could be so limited, the motion of Clarence K. Pistell should prevail.[12]

---

[2] 15 U.S.C.A. § 77k. Rules and Regulations of Securities and Exchange Commission. See copy of Stop Order of Securities and Exchange Commission dated August 5, 1938, Exhibit "A" of complaint.

[3] 15 U.S.C.A. § 77k(a), Securities Act of 1933.

[4] 15 U.S.C.A. § 77k(f).

[5] 15 U.S.C.A. § 77p.

[6] 15 U.S.C.A. § 77m.

[7] These are the only points argued, the others are not abandoned and Clarence K. Pistell states he wishes to reserve them.

[8] The defendants in the Complaint filed December 28, 1938.

[9] 15 U.S.C.A. § 77l.

[10] 15 U.S.C.A. § 77k and 15 U.S.C.A. § 77l.

[11] 15 U.S.C.A. § 77m. Patsavouras et al. v. Garfield, D.C., 34 F.Supp. 406.

[12] Securities offered to public and Samuel Metzger became an owner of record of some of said securities during February, 1937, Third-party complaint filed April 25, 1940. See 15 U.S.C.A. § 77m.

However, the Federal Rules of Civil Procedure for District Courts are based on the theory of a rather general form of pleading[13], they enjoin simplicity, conciseness and directness and technical forms are eschewed. The requirement of consistency is done away with and inconsistent claims are allowed.[14] All refinements of pleading are subordinated to one aim: The achievement of substantial justice.[15] Courts are urgently charged to interpret pleadings in that spirit.

"The modern philosophy concerning pleadings is that they do little more than indicate generally the type of litigation that is involved. A generalized summary of the case that affords fair notice is all that is required."[16]

The third-party complaint alleges generally an action upon contract for breach of warranty[17], an action for indemnity[18] and there may be an action for contribution[19]. Rule 14 expedites the presentation and may accelerate the accrual of certain rights. Its general purpose is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third-party defendant.[20]

The third-party practice[21] is an ancillary proceeding incidental to the main suit and requires no separate ground of jurisdiction.[22]

The motion of the third-party defendant, Clarence K. Pistell is denied.

[13] Dean Clark now Judge Clark, Proceedings, American Bar Association Institute, 1938.

[14] Rule 8(e) (1) and (2), 28 U.S.C.A. following section 723c.

[15] Rule 8(f), 28 U.S.C.A. following section 723c.

[16] Securities and Exchange Commission v. Timetrust, Inc., et al., D.C., 28 F. Supp. 34, 41.

[17] Phillips v. Crosby, 69 N.J.L. 612, 55 A. 814, and Id., 70 N.J.L. 785, 59 A. 142.

[18] Hoppaugh v. McGrath, 53 N.J.L. 81, 21 A. 106; Griffin v. James Butler Grocery Co., 108 N.J.L. 92, 156 A. 636.

[19] Johnson v. Tennessee Oil, Gas & Mineral Development Co., 75 N.J.Eq. 314, 73 A. 60.

[20] Moore's Federal Practice, Vol. I, page 740.

[21] Rule 14, 28 U.S.C.A. following section 723c.

[22] Satink v. Holland Township et al., D.C.N.J., 28 F.Supp. 67, 71. Moore's Federal Practice, Vol. 1, page 781.