THE CENTRAL TRUST COMPANY OF NEW YORK, TRUSTEE (MORTGAGEE), PLAINTIFF IN ERROR, v. BARTLETT ET AL., PARTNERS (CLAIMANTS), DEFENDANTS IN ERROR.

1.  A trust mortgage to secure bonds thereafter to be issued will stand as a security therefor from the date of its record, and will take precedence over subsequently-accruing lien claims.

2. In a suit on a lien claim, it is only mortgages that have been recovered since the accrual of such lien, that, by force of the statute, can be brought into the controversy. Prior mortgagees cannot be made parties.

On error to the Union Circuit Court.

Argued at June Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiff in error, *E. A. & W. T. Day.*

For the defendants in error, *William M. Dougherty.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    This suit was brought to enforce a mechanics' lien by Bartlett & Company against the Metropolitan Gas Light Company of Elizabeth, as builder and owner, and the Central Trust Company of New York, as mortgagee.

On the trial it appeared that the mortgage of the plaintiff in error had been made and recorded prior to the attachment of the plaintiff's lien claim to the mortgaged premises, such mortgage having been made and recorded ten days before the commencement of the building.

The mortgage had been given to secure a large number of bonds, and it was contended at the trial that, as it appeared that none of such bonds had been put into circulation before the attachment of the mechanics' lien in suit, the latter was the paramount encumbrance and was entitled to priority. This is the view that prevailed at the trial, and consequently the plaintiff in the court below obtained a judgment for the amount of his claim, and which was declared upon the record to be a lien superior to that of the mortgage in question.

This result is obviously erroneous in two respects.

In the first place, since the trial of the principal case, it has been decided by the Court of Errors of this state, in the

case of the *Central Trust Co.* v. *Continental Iron Works,* 28 *Atl. Rep.* 595, that when bonds of the kind in question have been issued under ordinary circumstances, they are entitled to be secured by the trust mortgage, which for that purpose constitutes a lien on the mortgaged premises from the date of its record.

The judgment before the court is, by force of this decision, plainly erroneous.

And the second ground is equally decisive.

The Central Trust Company was not properly and could not have been made a party to this suit. There is no color of warrant in law for such a proceeding. The right to bring in any mortgagee as a litigant in the process of enforcing lien claims is altogether of recent statutory origin, our act upon the subject having been passed as late as the year 1884. By a reference to that law it will be evident, at a glance, that mortgages' standing upon the record as prior in point of time to the lien of the mechanic in the given case cannot be brought into the legal controversy. The act is plain to this effect, its language being this: "That in any suit hereafter brought to enforce any lien created by the act to which this is a supplement, every person holding a mortgage of record against the property affected by said lien claim, *whose mortgage would be cut off by a sale under said lien claim,* shall be made party or parties defendant to said suit," &c.

Inasmuch, therefore, as this trust mortgage had priority of record and could not have been cut off or in anywise affected by a sale under the lien claim, it is entirely manifest that there was no legislative authority for putting it in litigation in the present proceeding. The consequence is that the court of law had no cognizance over the subject. The purpose of the statute is to permit mortgagees whose encumbrances are, according to the record, subordinated to the lien claim, to be brought into the contest, and this provision is reasonable enough, for as the result of a judgment in favor of such lien will deprive the subsequent mortgagee of his security, it would seem to be but simple justice to permit such encum-

brancer to have a standing in court so as to be enabled to test the legal value of the lien claim as well as the amount due upon it. But it may well be doubted whether the legislature could have authorized the prosecutor of the lien to make the holders of all previous mortgages parties to his suit, in order to contest their claims, although such holders could have no interest in the controversy, and who, even if their encumbrances should be established, could have no judgment in a court of law to sell the property by force of their encumbrances. The power to settle matters of this character has always, in this state, resided in the Court of Chancery, and there is every reason to believe that such authority could not, be transferred, even by legislative authority, to the courts of common law.

But it is enough, in the present instance, to say that the existing statute does not attempt to impart to the law courts a jurisdiction which would be at once so novel and so impolitic.

Let the judgment be reversed.