OF THE

# STATE OF NEW JERSEY,

JUNE TERM, 1900.

---

| 65 | 195 |
| s69 | 321 |

WALLACE, MULLER & COMPANY (LIMITED), DEFEND-
ANTS IN ERROR, v. EDWARD F. LEBER ET AL.,
PARTNERS, &c., PLAINTIFFS IN ERROR.

Argued June 26, 1900—Decided November 19, 1900.

1. Agents in the United States of principals trading in Holland.
agreed in New York, for their principals to sell certain sugars
refined in Holland to purchasers trading in the United States,
and to deliver the sugars in Baltimore. Owing to alterations in
the tariff on sugar by an act lately passed, the construction of
which was open to question, the amount of duty which might be
imposed on the sugars was uncertain. Simultaneously with the
contract of sale in the name of the principals, the agents executed
and delivered to the purchasers their own agreement in writing,
to refund to them any duty which they should be called on to
pay to the government in excess of a specified rate. An action on
that instrument was tried without a jury, and from the evidence
the trial judge might fairly infer that the contract to purchase
would not have been entered into unless the agents bound them-
selves to refund any excess duty over the specified rate. *Held*,
that proof of a consideration for the contract sued on was shown,
either because of the benefit agents received in effecting the sale

195

and acquiring a right to the ordinary compensation therefor, or in the detriment to the purchasers, by making a purchase for importation the duty on which was uncertain.

2. An exception to the finding of the trial judge in favor of plaintiffs was asked on the ground that there was no evidence to warrant it. It was allowed, but it does not indicate that the mind of the trial judge was directed to the alleged failure of proof of the consideration of the contract sued on. *Quære.* Whether such an exception justifies the examination upon error of the question whether there was such proof.

3. The contract of sale described the sugars by a phrase which might have acquired a peculiar meaning by the usage of those trading in sugars. Since it was entered into in New York, and its performance was to begin in Holland and to be completed in Baltimore—*Held*, that persons engaged in that trade in Holland and in Baltimore were competent witnesses on that subject, as well as persons engaged in that trade in New York.

---

This writ of error brings up a judgment in an action on contract.

The action was founded on a written instrument, of which the following is a copy:

"WALLACE, MULLER & Co.
        (Limited.)        "NEW YORK, Sept. 30th, 1897.
"*Messrs. Wallace, Muller & Co., Ltd., 48 Pearl St., City:*

"DEAR SIRS—In accordance with our agreement, we hereby guarantee to you that the duty on the 4,000 bags of Dutch Sugar, bought to-day from Messrs. W. Bunge & Co., Rotterdam, through our mediation, shall not exceed $1.95 per 100 lbs. Any excess in duty which you may be called upon by the government to pay will be promptly refunded by us to you without any objections whatsoever.

                "Yours very truly,
                        "LEBER & MEYER."

The sale and purchase referred to in the preceding instrument appears by the evidence contained in the bill of exceptions to have been effected by the following written instrument:

"LEBER & MEYER,

Importers, Exporters and Commission Merchants,

3, 5 & 7 William St.,

and

3 South William St.

"Cable address                                    Telephone, 937 Broad.

Leber New York

A. B. C. Code.                      "NEW YORK, Sept. 20th, 1897.

"Sold for account of Messrs. W. Bunge & Co. of Rotterdam to Messrs. Wallace, Muller & Co. of New York City, 2,000 (two thousand) double 100-pound bags Dutch Granulated Sugar, W. S. R., shipment first week of October, and 2,000 G. S.

(two thousand) double 100-pound bags Dutch Granulated Sugar, W. S. R., shipment second week of October, from Holland G. S.

land, by steamer, at 12-6 (twelve shillings and six pence) per 112 pounds net, cost and freight Baltimore.

"Terms—Buyers agree to open letter of credit with their London bankers in favor of Messrs. W. Bunge & Co. for this purchase, 90 days date or 60 days date, less ¼ (one-quarter) per cent. at sellers option, and to cover marine insurance, inclusive of lighter risks.

"LEBER & MEYER,

"Accepted—                                         "*Agents.*

"WALLACE, MULLER & Co. (Limited)."

The issues joined were tried before Mr. Justice Lippincott, sitting without a jury.

His conclusions and findings were in favor of the plaintiffs and judgment was entered thereon.

For the plaintiffs, *Albridge C. Smith.*

For the defendants, *Skinner & Ten Eyck* (with whom was *Herbert R. Limburger,* of the New York bar).

The opinion of the court was delivered by

MAGIE, CHANCELLOR.   On behalf of defendants it is first contended that there was an entire failure to prove any consideration for the contract sued on.

An examination of the conclusions of the trial judge seems to indicate that this point was not presented to him, for no mention of it is made by him.   None of the exceptions allowed by him are pointed at this supposed defect of proof. An exception, however, was allowed to the finding that plaintiffs were entitled to recover $1,545.46, with interest, from defendants, on the ground that there was no evidence to warrant it.

If the issues had been tried with a jury, an exception that the verdict was not sustainable because there was no evidence to warrant it, would have been unavailable on error.   To raise such a question on error, the trial judge must have been requested to nonsuit, or to direct a verdict for defendant, because of the lack of some specified proof essential to recovery.   The precise point relied on must have been presented to the mind of the trial judge, and ruled on by him.   This doctrine, and the reasons for it, are stated in this court in *Trade Insurance Co.* v. *Barracliff,* 16 *Vroom* 543.   It has been applied for like reasons by the Supreme Court in the review of verdicts upon rules to show cause.   *Jackson, Administrator,* v. *Consolidated Traction Co.,* 30 *Id.* 25.

It is entirely settled that, upon error, the finding of the trial judge trying the issue without a jury is as unassailable as the verdict of a jury would be, and the judgment founded thereon cannot be reversed if there was evidence capable of supporting the finding.   *Weger* v. *Delran,* 32 *Vroom* 224, and cases cited.   It would seem to follow by analogy from the rule applied in jury cases, and for the same reasons that produced that rule, that an exception like that under consideration, which does not point out and specify the particular omission of proof relied on, is ineffectual to raise the objection in a court of error.   Proper practice would seem to require that counsel for defendant desiring to raise such an objection should, at the close of plaintiff's testimony, or at the close of

.the whole case, formally request the trial judge to find for the defendant, because of the omission of the particular proof then specified and claimed to be essential to plaintiff's recovery.

But I think the practice in this respect has not been uniform, nor can I discover that it has been settled by any adjudication of a court of review. No objection to the consideration of the point so presented was interposed in the argument. For these reasons, and because the case leaves it uncertain whether or not the objection now made was in the mind of the trial judge, I have deemed it proper to consider it.

The objection is that there was no proof of the consideration of the contract sued on.

It will be observed that the promise of the contract is to "guarantee" to refund to plaintiffs any excess of duty above a specified amount which plaintiffs might be called on to pay upon the sugar bought of Bunge & Company, of whom defendants were agents.

This contract has been treated in the trial court and in the arguments of counsel here as a contract of guarantee.

Since a contract of guarantee is a contract by which the guarantor becomes responsible for the debt, default or mis.carriage of another person, who, as to the guarantor, is a .principal (*Brandt S. & G.*, §§ 1, 2), it is obvious that the promise in the contract under consideration is not a technical guarantee, because there was no principal bound to plaintiffs to refund the excess duties in question. It is equally obvious that the contract is not a collateral, but an original contract, binding the promisors to refund to the promisees any excess of customs duty upon certain importations above a specified amount, upon the call of the government.

Such a contract is upon a contingency, and not being commercial paper, nor under seal, does not import a consideration. In an action thereon, a consideration must be asserted ·and proved. *Conover* v. *Stillwell,* 5 *Vroom* 54; *Phillips* v. *Pullen,* 21 *Id.* 439.

The question thus assumed to be presented is whether there appears in the evidence ,any proof of a consideration for the contract in question.

An examination of the evidence returned with the bill of exceptions renders it evident that the contract in question was contemporaneous with the contract for the sale and delivery by Bunge & Company of certain sugar to defendants. A draft of a previous undertaking or promise by defendants had been rejected by the purchaser as unsatisfactory, and the contract in question was accepted and delivered simultaneously with the contract of sale and purchase. It became a part of the transaction because, from the evidence, it was a fair, justifiable, and, in my judgment, a necessary, inference that the contract of sale and purchase would not have been entered into except defendants simultaneously bound themselves by the contract in question.

Upon this view of the evidence it is apparent that there was a consideration for the contract, because it procured a sale for the sugar of defendants' principals, which might be inferred to be beneficial to defendants as establishing their right to the compensation usually obtained by agents, or because it induced plaintiffs to enter into a purchase which might be detrimental to them. It clearly appears that under the then lately enacted law of the United States regulating duties upon imports, it was uncertain whether the sugar in question would be admissible at a duty of $1.95 per one hundred pounds, or at a higher rate. When plaintiffs, at defendants' instance, entered into a contract to purchase sugar to be imported and delivered to them in the United States, they took the risk of a construction of the law which would require a higher duty, and this was a detriment which would furnish a consideration for such a contract of indemnity.

This view disposes of the objection thus presented, and the judgment cannot be disturbed upon this ground.

It is next contended that defendants, if liable upon this contract, were relieved from liability because the contract of sale required the sellers to furnish with the shipments of sugar certain certificates to be presented to the revenue officers, and that the required certificates, if produced, would have reduced the rate of duty chargeable on the importations.

It will be observed that the contract of sale contained in

the statement prefacing this opinion, contains no term requiring such certificates to be furnished. It was contended at the trial that the requirement of such certificates was imposed by a memorandum attached to the contract, but the trial judge expressly found that the memorandum in question was not attached to the contract at the time of its execution and delivery, but afterward, and that it did not become part of the contract.

The trial judge allowed two exceptions to his finding in these respects, and it is upon these exceptions that this point has been presented. As, however, there was evidence on which the finding thus challenged could be supported, the alleged error is not open to review (*Weger* v. *Delran, ubi supra*), and the judgment cannot be disturbed on this ground.

It is, next contended that the trial judge erred in finding that the duty imposed by the government on the sugars in question was at the rate permitted by law. An exception was also allowed to this finding. As, however, there was evidence which would support such a finding, the case is not open to review on this point, for the reasons above given.

The only other contention deemed necessary to notice is based upon alleged errors in the admission of testimony. The testimony thus challenged referred to the meaning of the phrase "Dutch Granulated Sugar, W. S. R." used in the contract of G. S. sale to express the character of the thing contracted for. This court has lately had occasion to consider the question of the admissibility of evidence to the effect that the words, by the usage of a particular trade, have acquired a peculiar meaning, and the effect of such evidence upon the construction and enforcement of a contract made between persons engaged in that trade. *J. C. Smith & Wallace Co.* v. *Lunger, 35 Vroom* 539. It is conceded by counsel that under the principles there laid down, persons engaged in the sugar trade, and having thereby acquired experience as to its usages, might properly be called and permitted to testify as to the meaning, in that trade, of the phrase in question. Witnesses engaged in that trade in New York were called and testified on the subject without objection.

The objection now urged is addressed to the admission of similar testimony from a person engaged in that trade in Baltimore, and also from persons engaged in that trade in Holland.

The case does not show any exception sealed to the admission of the evidence of Taylor, the Baltimore expert.

The testimony of the Holland experts was admitted under objection, and the exception was duly allowed. But since defendants had put in evidence the deposition of Mr. Bunge, who testified to the meaning of that phrase by the usage of the trade in Holland, it is difficult to perceive how the depositions of the Holland experts respecting the meaning of the same phrase, which were put in by defendants in rebuttal, can be objected to, or its admission be deemed reversible error.

But, waiving any technical question as to whether this objection is properly before us, I entertain no doubt that the evidence contested was properly admitted. It is true that the contract was made in New York, but it was a contract between a seller in Holland and a purchaser in New York, for the sale and delivery in Baltimore of a commodity, the sale of which is not confined to local markets or between traders therein. It is an article dealt in by traders in the markets in this country and abroad. If a phrase has acquired a special and peculiar meaning by the usage of a trade so extended, evidence from the traders in New York, where the contract was made, in Holland, where its performance was to begin by shipment therefrom, and in Baltimore, where it was to be completed by delivery, was, in my judgment, proper to be admitted.

As no error has been discovered, the judgment below must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES.  12.

*For reversal*—None.