BENJAMIN F. BAER, APPELLEE, v. FRANKLIN E. WIL-. LIAMS, APPELLANT.

Submitted March 20, 1907—Decided June 10, 1907.

A consulting physician, having, at the request of an attending physician, visited a patient of the latter, brought suit against the attending physician for the price of such visit. The defendant offered to prove a custom of the medical profession to the effect that in such case the charge is always made against the patient. *Held*, to be error to overrule this offer.

On appeal from District Court.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the appellant, *Wilson, Carr & Stackhouse.*

For the appellee, *John H. Switzer.*

The opinion of the court was delivered by

GARRISON, J. This is an action by one physician against another for professional services rendered to a patient of the latter. The plaintiff visited the defendant's patient at the request of the defendant, who was the attending physician. There was no agreement between the two physicians either as to the amount to be charged for the plaintiff's visit or as to whether it was to be charged to the attending physician or to his patient. There was proof that the patient was the defendant's mother-in-law and a member of his family at the time, and also that she was without means of her own. There was no proof of the value of the services rendered by the plaintiff except his own testimony that, in this instance, he charged $50 and entered it on his ledger, and that for similar services he frequently had charged as high as $100. The defendant offered to prove a custom of the medical profession to the effect that where a physician is called into consultation

by the attending physician the charge of such consulting physician is always made to the patient and not to the attending physician, and that it is never the custom in the medical profession for the consulting physician to look to the attending physician for the payment of the consulting physician's charge. This offer was overruled by the District Court, who, at the conclusion of the case, charged the jury that if the plaintiff went down to Haddonfield and saw the patient that he had performed his work and was therefore entitled to recover, and that he (the trial judge) thought that $50 was an ordinary price.

The judgment must be reversed. There was no legal proof of the measure of damages the plaintiff was entitled to recover under the implied contract with the defendant, and on the question of such implied contract the offer of the defendant should have been received. It may be that the defendant would not have been able to prove the custom that he offered to show, but by overruling his offer the existence of the custom was admitted for the purposes of the case and only its pertinence to the issue denied.

The judgment of the District Court of the city of Camden is reversed.