*48 Vroom.*    McCullom v. Atlantic City and Shore R. R. Co.

FANNIE McCULLOM, DEFENDANT IN ERROR, v. ATLANTIC
CITY AND SHORE RAILROAD COMPANY, PLAINTIFF IN
ERROR.

Argued November 30, 1908—Decided March 1, 1909.

1. Whether a passenger upon a trolley car, who has signaled to the
conductor to stop, is guilty of contributory negligence in stepping
upon the running board of the car before the car has stopped, pre-
paratory to alighting therefrom, is, where the facts are in dispute,
a question for the jury, and is not *per se* negligent.
2. Whether the motorman exercised the care required by law when
a passenger was attempting to alight and was thrown, as she
alleged, by a jerk or lurch of the car, is a question for the jury,
where the facts are disputed.

On error to the Supreme Court.

For the plaintiff in error, *Thompson & Cole.*

For the defendant in error, *Harry R. Coulomb* and *Enoch
A. Higbee.*

The opinion of the court was delivered by

MINTURN, J.   On the 20th of July, 1907, the plaintiff was
a passenger upon defendant's car on Atlantic avenue, in At-
lantic City, the car being of the open summer pattern, with
seats running crosswise and a running board at the side
which was used as a step for ingress and egress.  She intended
to alight at Massachusetts avenue, and attempted to attract
the conductor's notice for the purpose of notifying him of
the fact, but, failing in that, she stood up and motioned to
him, and he gave the usual signal for the car to stop.   The
car lessened its speed, and, as she testified, was "very nearly at
a standstill."   She then attempted to alight, and, she testified,
"the car jerked and throwed me out" as she was in the act of
stepping from the platform of the car to the running board or
step.

The fall thus caused resulted in the injury to plaintiff, which forms the basis for the damage claimed by her in this suit.

She is sustained in her version of the accident by other witnesses, and is contradicted by the witnesses for the defendant, who testified that the car was going fast when the plaintiff attempted to alight, some distance before the car reached Massachusetts avenue.

Ordinarily this contrariety of view would raise a question of fact, which would present the question of the alleged contributory negligence of the plaintiff, and the alleged negligence of the defendant, to the jury for solution.

The plaintiff in error, however, attempts to distinguish the rule laid down in this and other jurisdictions, that it is not *per se* negligence for a passenger to attempt to alight from a slowly running horse car, by contending for a distinction between the moving horse car and the moving electric street car. But no distinction is observable in principle as to the legal *status,* which can differentiate the two modes of conveyance upon a basis of distinctive tort liability.    Upon the contrary, the *rationale* of the rule applicable to the carrier of passengers for hire, and the *ratio decidendi* of the cases in this and other common-law jurisdictions, illustrative of the rule, is based upon the fundamental inquiry as to what constitutes reasonable care under the circumstances of the particular case.    *Heaven* v. *Pender,* 11 *Q. B. Div.* 503 (Brett, M. R.) ; *Traction Company* v. *Gardner,* 31 *Vroom* 571.

That the degree of care required of one in alighting from a moving electric street railway car may be greater, *ex necessitate acti,* from the degree of care required in alighting from a moving horse car, is obvious.    But the inquiry, whether that degree of care was exercised in a concrete case, involves no change in the legal principle applicable to the *status,* and does require a consideration by the jury, as to the arbiter of the facts, whether, under the changed conditions of travel, that high degree of care, enforced by the rule upon the carrier of passengers, was observed, and whether, under those conditions, the passenger in any manner contributed proximately

to the injury. *Paganini* v. *Elizabeth Traction Co.,* 41 *Vroom* 385; *Scott* v. *Bergen Traction Co.,* 34 *Id.* 417; *Davis* v. *Camden Railway Co.,* 44 *Id.* 415; *Gottlob* v. *North Jersey Street Railway Co., Id.* 305.

That the answer to such an inquiry, where the facts furnish a debatable question, is essentially within the province of the jury, has been so repeatedly affirmed by this court and the highest courts of other common-law jurisdictions that the question is no longer a mooted one. Whether the basis of liability in a concrete case arises merely from the occurrence of the accident which devolves upon the defendant the duty of explanation under the doctrine involved in the maxim *res ipsa loquitur,* as in the case of *Consolidated Traction Co.* v. *Thalheimer,* 30 *Vroom* 474, and *Scott* v. *Bergen Trolley Co.,* 34 *Id.* 417, or whether the proof of the facts upon the part of the plaintiff show culpability on the defendant's part, is sufficient, under the familiar rule of tort feasance, to put the defendant upon its defence, are questions addressed to the court as a possible basis for defendant's liability. *Sm. Negl.* 15. But the question of contributory negligence may arise under either phase of liability, and, when raised, its solution must be referred to the jury if at all within the region of reasonable debate. *Sm. Negl., supra; Pennsylvania Railroad Co.* v. *Righter,* 13 *Vroom* 180.

In the case at bar the plaintiff went to the only means of exit provided by defendant upon the summer variety of car, after having twice signaled to the conductor that she wished to alight, and, after the car was slowly moving, she made the attempt, and was thrown, as she and her witnesses say, by a sudden lurch of the car. Under the adjudged cases (*ubi supra*) her acts cannot *per se* be characterized as the proximate cause of her injury, so as to take from the jury the consideration of the facts.

In the Thalheimer case, where the plaintiff went to the door of the car after the street had been announced, where she intended to alight, and a sudden lurch of the car threw her into the street, Chancellor Magie, in reply to the contention that the plaintiff was guilty of contributory negligence, char-

acterized such an argument as "unfounded," and concluded that "at most it was a question for the jury whether, in preparing to leave the car, she was acting with proper care."

Nor do we find error in the refusal of the court to charge that, because the plaintiff stepped from the car while it was in motion, she cannot recover. The request, as thus presented, expressed an abstract proposition which failed to take into account the essential features of the concrete case, and the court was not obliged to charge it. *Consolidated Traction Co.* v. *Behr,* 30 *Vroom* 477.

The case of *Dockham* v. *North Jersey Street Railway Co.,* 66 *Atl. Rep.* 961, cited by plaintiff as a basis for the request, shows that the plaintiff, with satchel and book in hand, attempted to alight backwards from a moving car, while the motorman was endeavoring to apply the brakes, and, upon a rule to show cause, the Supreme Court held that the "overwhelming weight of testimony" required the setting aside of the verdict.

In the case at bar the weight of testimony was for the jury, and upon this writ we can consider only the alleged errors in law.

Nor do we find error in the refusal of the court to nonsuit, because of inconsistency between the declaration and the proof. The gravamen of the declaration is that "said car was suddenly started, jerked and violently and without any warning propelled." The proof is entirely consistent with this allegation; the defendant was not and could not reasonably be misled by it, and, in our judgment, no amendment of it was necessary.

The judgment will, therefore, be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J. 14.

*For reversal*—BERGEN, J.   1.