PATRICK H. CONLAN AND OTHERS, TRADING AS P. H. & J. CONLAN, DEFENDANTS IN ERROR, v. WILLIAM N. LEONARD ET AL., RECEIVERS OF HUDSON COUNTY WATER COMPANY, PLAINTIFFS IN ERROR.

Submitted July 6, 1911—Decided November 13, 1911.

1. The evidence examined and the refusal of the court to nonsuit, or to direct a verdict for the defendants, *held* proper.

2. In a suit upon a mechanics' lien, a mortgagee, whose mortgage being in existence and of record before the contract sued upon was filed or suit commenced, could not have been cut off by the suit, cannot properly be made a party defendant.
3. To entitle the holder of a mortgage upon premises covered by a mechanics' lien to be made a party to a suit to enforce such lien, it is not enough that the plaintiff have notice of the existence of such mortgage at the time of the commencement of such suit, the mortgage must then have been "of record."

On error to Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and VOORHEES.

For the plaintiffs in error, *McCarter & English.*

For the defendants in error, *Pitney, Hardin & Skinner.*

The opinion of the court was delivered by

VOORHEES, J. This is a suit on a mechanics' lien to recover against the receivers of the Hudson County Water Company, who, upon their own motion, were substituted as defendants. The litigation grows out of two contracts; the one is dated August 6th, 1909, and the other September 28th, 1909, which involve the connecting up of certain wells, laying pipe, connecting boilers and machinery at the pumping station of the water company at Belleville, Essex county, in which county the lien claim was filed.

The payments under these contracts were provided to be made monthly, less fifteen per cent., upon estimates to be made by the company's engineer, of the amount of work done and the value of the material delivered.

Such estimates were offered amounting to $21,117.10, less an allowance for materials to be taken away by the plaintiffs, amounting to $4,016.12, leaving a balance of $17,100.98, which was the amount for which judgment was rendered after adding interest, viz., $18,186.18, and admitted to be the correct amount, if the plaintiffs were entitled to recover any amount.

The suit was commenced on March 23d, 1910; the declaration consisted merely of the common counts to which the general issue and the statutory plea were filed.

The contractors had, on March 22d, 1910, assumed to rescind both these contracts because of the continued failure to make the payments provided for·in the contract, at the times specified, including failure to make any of the payments coming due since November 1st, 1909. Motions to nonsuit and to direct a verdict for the defendants were refused and error has been assigned thereon.

The grounds upon which the motion to nonsuit was rested were thus stated: "That the plaintiffs have not brought themselves within the requirements of the lien law to entitle them to recover. The point in issue by the plea which·is filed requires the plaintiffs to establish those facts which, under the Mechanics' Lien law, entitle them to recover. Therefore, they have a heavier burden than the ordinary plaintiff has to carry; the question is whether they have successfully rescinded their contract." And the ground for a direction in the following language: "That there has been no case made out which would entitle the jury to conclude that the plaintiffs should have a verdict."

The court directed a verdict for the plaintiffs, but error has not been assigned upon this action, hence the inquiry relates solely to the propriety of refusing to nonsuit and to direct a verdict for the defendant.

Passing by the fact that the reasons above given for the motions do not seem to have acquainted the court with the precise point involved (*Wallace, Muller & Co.* v. *Leber,* 36 *Vroom* 198; *Jones* v. *Whittier,* 48 *Id.* 715), we may examine the arguments presented ·in the defendants' brief.

The defendants assert that the plaintiffs, by their suit, seek to recover for materials furnished and work actually performed; that it is not a case where the entire contract price is due, nor is it a suit to recover one or more installments as such under the contract, because the plaintiffs had assumed to rescind, and in consequence had·refused further to perform; that the contracts concededly being yet unfulfilled, unless the

rescission was justified, the plaintiffs in order to recover, must prove an acceptance of the work performed, the question of substantial performance not being involved. *Bozarth* v. *Dudley,* 15 *Vroom* 304; *Feeney* v. *Bardsley,* 37 *Id.* 239; *Mackinson* v. *Conlon,* 26 *Id.* 564.

In reply to this argument, we hold that the frame of the pleadings would permit a recovery of an installment due under the contract, or upon a *quantum meruit,* for the value of the work and materials as evidenced by the certificate of the defendants' engineer, which certificate by the specifications created a liability to pay eighty-five per cent. of the amount certified.

Besides there was also testimony from which a jury might say that the work done and the materials delivered had been accepted by the defendants. The certificates tended to prove this. They had been given from time to time, and some of the installments called for under them had been paid, and there was proof of an arrangement made by the defendants' engineer with the plaintiffs, permitting some of the materials furnished and delivered to be taken back, and credit to be given to the defendants upon the estimates, at prices fixed by the engineer. With these facts present, the court could not, as matter of law, conclude that there was no proof tending to show an acceptance.

But the further argument is put forth that the plaintiffs failed to produce substantial proof of a rescission, urging that the rule pertinent to a contract of the sort here involved was set out in *Empire Rubber Manufacturing Co.* v. *Morris,* 48 *Vroom* 498, and the cases there cited, and that this case had not been brought within that rule.

There was, however, evidence of abandonment of the contract by the defendants, in addition to their default in making payments, exhibited by the agreement to allow the plaintiffs to remove materials above alluded to, and further, from the fact of the insolvency of the company. But we deem it unnecessary to decide whether the principles laid down in the case last cited must be applied to the contract under consideration or not.

Under all the evidence in the case, whether the contract had been abandoned by the defendants, became a jury question. We, therefore, have this situation: If the recovery was for installments (*Jones* v. *Whittier, supra; Stone Post Co.* v. *Corcoran,* 51 *Vroom* 549), upon the theory that no successful rescission had been made, then there was ample evidence that the amounts of those installments were due—the point was not made that more than eighty-five per cent. was covered by the certificates, if, indeed, that was the case. This would prevent a nonsuit or a direction for the defendants on the installment theory.

If, on the other hand, the case was to be decided upon the theory that the contracts might be considered as rescinded, under the facts adduced, as before stated, there was still presented a jury question, and the certificate of the engineer became proof of the amount reasonably due at the time of re scission. This also would prevent a nonsuit or direction.

There was, therefore, no error in refusing to nonsuit or to direct a verdict for the defendants.

The remaining assignment of error relates to the overruling of two offers of evidence by the defendants. They offered to prove the existence of two mortgages upon the premises; the first, held by one Kamlah, not a party to the suit, dated December 15th, 1904, recorded March 1st, 1905, in the register's office of Hudson county, referred to in the deed by which the defendant company acquired title to the premises, and also of a mortgage to the Mechanics' Trust Company to secure an issue of bonds, recorded on November 30th, 1910, being the day before the trial commenced, and, of course, after the commencement of the suit, but likewise referred to in said deed. Both these offers were overruled.

The first mortgage could not have been cut off because it existed and had been recorded in Hudson county, before the contracts were filed or suit commenced, and therefore the mortgagee could not properly have been made a party defendant. *Central Trust Co.* v. *Bartlett,* 23 *Vroom* 206. It is not to be understood, however, that any intimation is intended that a mortgage which has been recorded in a county other

than that in which the lien claim has been filed, is a "mortgage of record," in the sense in which those words are used in the Mechanics' Lien act.

As to the second mortgage, it is claimed that the contractors must be deemed to have had notice of it, as well as of the former mortgage, not only because the deed to the water company recites it, but also because referred to in the declaration, and therefore the mortgagee ought to have been made a party.

Assuming this to be true, it is not available for the mortgage was not of record at the time of the commencement of the suit. The statute declares that "every person holding a mortgage of *record,* which would be cut off, shall be made a party." This mortgage was not of record, and whatever might be said by the holder of the mortgage in protection of his equitable claim in that regard, could not be urged by the owner, for the omission is not detrimental to him.

There was no error in the rejection of these offers.

The judgment will be affirmed.