WILLIAM KLEIN, PLAINTIFF-APPELLANT, v. CAROLINE
T. BOYLAN, DEFENDANT-APPELLEE.

Argued May 7, 1935—Decided July 9, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Edmund A. Hayes.*

For the appellee, *Morgan R. Seiffert.*

The opinion of the court was delivered by

PERSKIE, J. Does an attorney, who is retained to prose-
cute a suit for damages arising out of an accident, have the
implied authority to obligate his client to pay the fee of an
expert witness to testify in the behalf of such client when
the necessity of such a witness and the reasonableness of his
fee are not challenged?

The stated question arises out of the conceded facts as dis-
closed in the agreed state of case. They are substantially
these: Defendant retained one, Edmund A. Hayes, an attor-
ney and counselor-at-law, to prosecute a suit in her behalf
against the Pennsylvania Railroad Company. He did so.
It appears that plaintiff is an expert in the reading of X-rays
—a roentgenologist; that during the course of the treatment
of defendant's injuries plaintiff examined X-rays of defend-
ant and rendered reports thereof to the other attending phy-
sician. The plaintiff was paid for these services. The plain-

tiff in the instant suit testified that Hayes, who was then the defendant's attorney, requested him to testify at the trial of defendant's action against the railroad company in the capacity of an expert. This the plaintiff did. He explained to the jury the nature, extent and permanency of the injuries as disclosed by the X-rays. His testimony consumed about twenty minutes but he waited in the court "an hour or two" before he was called to testify. Defendant saw plaintiff in court, heard him testify; made no objection thereto; but she had no conversation with the plaintiff while the latter was in court. Nor did she expressly employ or authorize his employment. The necessity for plaintiff's testimony and the reasonableness of his charge of $100 were, however, not challenged.

At the end of plaintiff's case a motion was made for a directed verdict. The grounds of the motion were that counsel had the authority, express or implied, to bind his client; and even if he had no such authority the defendant, under the proofs herein, was estopped to deny his authority. This motion was denied. Counsel for defendant then moved for a nonsuit. The grounds of that motion were that there was evidence in the case that Edmund A. Hayes had no authority neither express nor implied to engage a physician to testify in the litigation against the Pennsylvania Railroad Company; that there was no evidence in the case as to the scope of the authority of Edmund A. Hayes and no evidence that he had obtained the defendant's consent to the retaining of the plaintiff to testify as to the X-rays, and there was no evidence that the defendant had agreed to pay the plaintiff a fee of $100 or any other fee. The motion of defendant's attorney was granted and an exception was taken by the plaintiff's attorney and allowed by the court.

In so doing the trial judge fell into error.

It is, of course, the well settled law that an attorney, under his retainer, has no authority, without the consent of his client, to surrender or waive any substantial legal right of his client. See subject discussed in *Martin* v. *Lehigh Valley Railroad Co.*, 114 *N. J. L.* 243, particularly at pages 248, 249.

True it is that the attorney obligated his client to the

extent of $100, but surely by no stretch of the imagination can it be said that it was done for the purpose of surrendering or waiving any of the client's substantial legal rights in her suit against the railroad company. The contrary is true. Rather was it the act of a careful and prudent attorney. It was an act which had for its obvious purpose the protection and promotion of the client's interest. It was the reasonable and ordinary thing to do. It is common knowledge that when one sustains serious injuries that X-ray plates are frequently made in order that the nature and extent of the injuries may be determined; that these plates are made by experts; that the expert is necessary to read and explain them; that such expert testimony is very frequently used when, as here, an injured person sues to recover damages for injuries arising out of an accident. It may, we think, fairly be said to be the common practice to use such expert testimony whenever available. And if we were to judge the propriety of the challenged expenditure by the result obtained we can readily understand the defendant's failure to challenge either the necessity of the expert testimony or the reasonableness of the fee charged. Plaintiff recovered a verdict for $15,000 and we were told, on the argument, that it has been paid. It may well be that it is a mere guess, at best, to attempt to evaluate in dollars and cents the ratio which this testimony bore to all other proofs, or to the result obtained. But it is far from a mere conjecture to say that if the attorney for the plaintiff had failed to produce this expert testimony, and he could not produce it, unless it was volunteered, without arranging for the payment thereof to the expert (*Stanton* v. *Rushmore,* 112 *N. J. L.* 115; 169 *Atl. Rep.* 721), he might well, under conceivable circumstances, have subjected himself to a claim of negligence at the suit of his client.

In 6 *C. J.* 641, § 146, it is said: "* * * The general implied authority of an attorney by virtue of his employment includes the doing on behalf of his client of all acts in or out of court necessary or incidental to the prosecution or management of the suit, or to the accomplishment of the purpose for which he has been retained and which affect only the remedy and not the cause of action * * *."

Cases construing the implied power of an attorney to bind his client for expenses incidental to trial, including expert's fees, are collated in 23 *L. R. A.* (*N. S.*) 703, 704.

In 2 *R. C. L.* (implied authority of attorney in conduct of litigation) 986, § 63, it is said:

"An attorney of record, by virtue of his employment as such, subject to the approval of the court, has implied authority to do all acts necessary and proper to the regular and orderly conduct of the case, and affecting the remedy only and not the cause of action, and such acts, in the absence of fraud, will be binding on the client, though done without consulting him, and even against his wishes. *The attorney's authority extends to everything necessary to the protection and promotion of the interests entrusted to his care, so far as they are to be affected by the proceedings in the court* where he represents his client, and he may and ought to *exercise his discretion in all the ordinary occurrences which take place in relation to the cause.*"

And again in section 67 (authority to incur incidental expenses), 2 *R. C. L.* 989, it is said:

"Such reasonable expenses as the conduct of a case may require may be incurred by the attorney of record, and he may bind his client for any services which may be necessary and proper, not only for the preparation of the case for trial, but for the convenient conduct of such trial and proceedings thereafter taken. If he assumes expense or liability for his client, he is entitled to be made whole by any regular means. Thus he may employ a stenographer to take and transcribe evidence, and bind his client for the expense thereof, *and he may bind his client for the fees of an expert witness,* and also for the reasonable cost of printing briefs."

We therefore conclude that the stated question in issue must, under the facts herein, be decided in the affirmative. The disposition of this point makes it unnecessary to treat of the question of estoppel.

Judgment is reversed.