109 N.J. Super. 594 (1970)
264 A.2d 237
ROBERTS, WALSH & COMPANY, PLAINTIFF,
v.
JACK TRUGMAN, CLARA LOEB AND WILLIAM LOEB, DEFENDANTS.
Superior Court of New Jersey, District Court, Essex County.
Decided April 13, 1970.
*595 Mr. Charles B. Turner for plaintiff.
Mr. Jack Trugman argued the cause pro se.
*596 Mr. Benjamin D. Braelow for defendant Clara Loeb.
Mr. Paul R. Lawless for defendant William Loeb (Mr. Nathan A. Whitfield, attorney).
YANOFF, J.D.C.
This is an action brought by a court reporter against an attorney and a husband and wife for the cost of depositions in the case of Loeb v. Loeb, Docket M-7097-63. The court reporter testified that he extended credit to the attorney, Jack Trugman alone, and therefore he is primarily liable. That the depositions were taken and the price reasonable are conceded. Trugman cross-claims aaginst both husband and wife, contending that the primary obligation for payment is upon his client, Mrs. Loeb, in that he was the known agent for a disclosed principal.
In the previous matrimonial litigation there was an order amending the judgment nisi, dated December 8, 1965, in which the attorney for Mrs. Loeb was awarded a counsel fee of $1,250 and Dr. Loeb directed to pay the costs of depositions at the time of the entry of final judgment. After succeeding in the divorce action the wife sought to dismiss her action, without success in the first instance. As the result of appellate rulings in Loeb v. Loeb, 91 N.J. Super. 333 (App. Div. 1966), aff'd 50 N.J. 343 (1967), a judgment of dismissal was entered as to the wife's divorce action on December 6, 1968, which provided for "no costs."
The husband contends, under Iovino v. Iovino, 58 N.J. Super. 138 (App. Div. 1959), that because the action was dismissed at the instance of the wife he is relieved of responsibility.
At trial the wife stated that she was not notified or consulted about the taking of the depositions. Trugman testified that she was consulted and agreed that depositions be taken, although he does not assert an express promise on the part of the wife to pay for them. He does claim that by reason of prior relationship in a suit for separate maintenance, *597 it was clear to the wife that she would be expected to pay for the depositions.
The attorney relies upon Klein v. Boylan, 115 N.J.L. 295 (Sup. Ct. 1935), in which the client was held responsible to an engineer engaged by an attorney in aid of litigation. Accord, Klein v. Boylan, 14 N.J. Misc. 323, 184 A. 736 (Sup. Ct. 1936).
Plaintiff relies upon Baer v. Williams, 75 N.J.L. 30 (Sup. Ct. 1907), in which it was held error to reject evidence of a custom in the medical profession that where a physician calls in a physician, the consulting physician must look to the patient for payment. Plaintiff argues that the custom in court reporter-attorney dealings is that the attorney is responsible for payment.
From my observation of the parties, I am convinced that the testimony of defendant, Trugman, rather than that of Mrs. Loeb, on the question as to whether she was consulted about the taking of the depositions, must be accepted. I also accept his statement that the transcripts of the testimony were delivered to Mrs. Loeb for her perusal and do not give credence to her testimony to the contrary.
The attorney relies upon N.J.S.A. 25:1-5(b), urging that his promise, if any, is to answer for the debt of another, and it must therefore be evidenced by a written memorandum. However, if his promise was an original obligation, as plaintiff contends, the statute of frauds is not applicable. City Nat. Bank & Trust Co. of Salem v. Hassler, 9 N.J. Super. 153 (App. Div. 1950).
Therefore, the basic question as to whether the attorney is responsible to a court reporter by reason of extension of credit to the attorney cannot be avoided. The competing lines of argument may be summarized as the agency approach, supported by a very respectable line of authority (see Annotation, 15 A.L.R. 3d 531), against the contention that extension of credit to the attorney in the light of a business practice that the attorney is responsible renders the attorney liable to the court reporter. To determine that *598 the attorney, as agent, has power to bind the client is not to answer the problem fully. As the court observed in Looman Realty Corp. v. Broad Street Nat. Bank of Trenton, 32 N.J. 461 (1960):
The contractual status of an agent who signs a contract on behalf of a partly disclosed principal is not exactly clear. In the disclosed principal situation, where the principal's identity is known to the other contracting party and where the agent expressly signs in a representative capacity, the principal, not the agent, is liable on the contract. Colloty v. Schuman, 73 N.J.L. 92 (Sup. Ct. 1905). Nevertheless, an agent acting for a disclosed principal may agree with the other contracting party that the agent also will be a party to the contract. [at 476]
One cannot ignore the fact that the third party and the agent may agree that the agent be bound, even though there is a disclosed principal.
The Klein cases, supra, are not contrary to this ruling. There the third party sued the client, apparently taking the position that the credit was extended to him and not to the attorney. Here I cannot avoid concluding that the credit was extended to the attorney, not the client. Mrs. Loeb, if known to plaintiff prior to the taking of the depositions, was at most only a name; Trugman was a member of the bar and therefore prima facie worthy of credit. Plaintiff came at his request, not his client's. Trugman did not tell plaintiff to bill the client, and it was Trugman who was billed. In fact, plaintiff testified that he would not deal with non-lawyers.
Plaintiff's position is reinforced by his uncontradicted testimony that it is the practice and custom in court reporter-attorney dealings that the attorney, not the client, be responsible for payment for depositions.
The Restatement, Contracts, § 247(c) at 349 (1932), states:
A usage is operative upon parties to a transaction where and only where

*599 * * * * * * * *
(c) The usage exists in such transactions and each party knows of the usage or it is generally known by persons under similar circumstances, unless either party knows or has reason to know that the other party has an intention inconsistent with the usage.
Baer v. Williams, supra, is only one of many cases in which trade practice and usage was incorporated into a contract. Rodman v. Weinberger, 81 N.J.L. 441 (E. & A. 1911); Calumet Const. Co. v. Board of Education, 78 N.J.L. 676 (E. & A. 1910); Wallace, Muller & Co. v. Leber, 65 N.J.L. 195 (E. & A. 1900); see Leitner v. Braen, 51 N.J. Super. 31 (App. Div. 1958); 5 Williston, Contracts (3d ed. 1961), § 657, at 87. Here it is incorporated with respect to the party obligated.
While it is true that "where custom is relied on to explain a contract, it must be specially pleaded," Johnson v. Hoffman, 7 N.J. 123, 133 (1951), here it was admitted without objection and may therefore be considered. Leitner, supra.
It follows that plaintiff is entitled to judgment against Trugman in the sum of $570.40.
However, Mr. Trugman is entitled to judgment on his cross-claim against his client. An attorney may recover in quasi-contract for the reasonable value of his services. Sweeney v. Veneziano, 70 N.J. Super. 185 (App. Div. 1961). Clearly, this extends also to his disbursements. This is supported by the logic of the Klein cases, supra. That at one stage in the matrimonial litigation Dr. Loeb was directed to pay for the cost of the depositions is now immaterial since payment was not made. It was Mrs. Loeb who voluntarily dismissed her divorce action after judgment nisi, and it would be inequitable to permit her to relieve herself from liability to her attorney, who was thereby deprived of reimbursement.
The complaint and cross-claim as to Dr. Loeb will be dismissed without prejudice. While our courts have a *600 strong policy in favor of disposing of all controversies among parties in a single action, N.J. Highway Authority v. Renner, 18 N.J. 485 (1955), this is a matter which particularly involves the matrimonial court. That court has dealt with it in the complex litigation between Mrs. and Dr. Loeb. To deal with this small, single problem outside of the tangle of litigation in which they have been involved might do violence to the entire pattern.