728 A.2d 229

RIZMAN, RAPPAPORT, DILLON & ROSE, PLAINTIFF–APPEL-
LANT, v. ELLIOT H. GOURVITZ, DEFENDANT–RESPONDENT,
v. ILENE PALENT, SYDELL KOPLIN, AND MARGARET DEE
HELLRING, THIRD–PARTY DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted September 29, 1998—Decided October 14, 1998.

1

Before Judges KESTIN and WEFING.

*Robert E. Bartkus*, attorney for appellant.

*Elliot H. Gourvitz*, respondent *pro se.*

The opinion of the court was delivered by

KESTIN, J.A.D.

Plaintiff appeals from the trial court's *sua sponte* order dismissing the complaint, entered after plaintiff's motion for summary judgment was denied. Plaintiff also appeals from an earlier order granting defendant's motion to vacate a default. We affirm the order vacating the default as an appropriate exercise of discretion. We reverse the order of dismissal, however.

Plaintiff is a court reporting service. Defendant is a member of the bar who ordered a copy of a transcript of a two-day deposition. The claim is for the cost of the copy ordered.

The person deposed, defendant's client, was neither a party to the underlying matrimonial matter nor a named co-respondent. She was deposed as a witness by the matrimonial defendant on the basis of allegations that the deponent had knowledge of concealed assets subject to equitable distribution. After the subpoena for the depositions was served, defendant moved on behalf of the

deponent to quash the subpoena, but that motion was denied. The deposition was then held and the copy ordered. When defendant was billed, he took the position that the payment responsibility was that of the attorney who took the deposition. Plaintiff sued in the Special Civil Part for payment of its bill. Defendant filed a third party claim against the attorney who took the deposition, *inter alia.*

When this matter came before the trial court on plaintiff's motion for summary judgment, defendant took the position that his client was entitled to a copy of the deposition transcript pursuant to *R.* 4:14–6(c). The rule provides:

> The party taking the deposition shall bear the cost thereof and of promptly furnishing a copy of the transcript to the witness deposed, if an adverse party, and if not, to any adverse party. The copy so furnished shall be made available to all other parties for their inspection and copying.

The trial judge held in an oral disposition:

> Am I prepared today to say that when an individual is compelled by a Court, over their objection, having made a motion to quash a subpoena for a deposition, is that person within the color of the rule an adversary, the answer for me is unequivocally yes. Were they entitled to a free copy? Yes.
>
> If it wasn't provided by the individual that called for ... the deposition, do they have a right, as a matter of right under the color of the rule to get a copy from the transcribing service, the answer is unequivocally yes.
>
> In fact, there's a duty to provide, to the extent that the transcribing service does not choose to go after the ordering party, not only do they now lose the right to go after that party, because it's an entire ... controversy, but I'm granting summary judgment today, for the reasons I just said on the record, in favor of the attorney for the unnamed co-respondent.
>
> The court reporting company does not have a leg to stand on in my position. The rule is unequivocally clear. If you're compelled to attend a deposition, you have an absolute right to a copy of the transcript of that document, if it is, in fact, prepared.
>
> *           *           *           *
>
> I'll ... forgive ... entire ... controversy, and I'll dismiss with prejudice as to them, and let you join the other party, because that would be unjust.
>
> *           *           *           *
>
> Who [is plaintiff] entitled to money from? [T]he rule is clear. The person who called for the ... deposition.

Does the person who has the deposition taken of them against their will, and is therefore under the color an adversary, do they have the obligation to go to that person to get a copy of it?

It's that person's obligation and duty to provide the copy to the ... individual who was compelled to testify.

If that person doesn't do it, under the spirit [and] mandate of the rule, then they have an absolute right to go to the reporting company, order a copy of it, and have it charged to the Plaintiff, or the individual.

\* \* \* \*

[I]f an individual ... is brought into a controversial environment, that has an adversarial relationship between other parties, and that individual wishes not to participate, but is compelled after they've made a motion to quash, so that they wouldn't have their deposition, ... they're obligated to do it.

Is there a duty on the part of someone to give them a copy ...? The spirit of that rule, I am absolutely satisfied mandates that they get a copy.

On the basis of this reasoning, the trial judge not only denied plaintiff's motion for summary judgment, but he also, *sua sponte,* dismissed the complaint.

We do not address the propriety of the *sua sponte* dismissal, *i.e.,* in the absence of any motion that would have placed plaintiff on notice that its complaint was in jeopardy; it is an issue not briefed by the parties. *See In re Bloomingdale Convalescent Ctr.,* 233 *N.J.Super.* 46, 48 n. 1, 558 *A.*2d 19 (App.Div.1989); Pressler, *Current N.J. Court Rules,* comment on *R.* 2:6–2 (1998).

We regard the trial judge's interpretation of the straightforward language of the rule to have been erroneous, however. The obligation of "[t]he party taking the deposition [to] bear the cost thereof and of promptly furnishing a copy of the transcript to the witness deposed, if an adverse party," *R.* 4:14–6(c) is clearly designed to keep all *parties* to the litigation on an equal footing in respect of access to discovery and to assign, equitably, the cost of doing so. It has no other purpose. This is emphasized by the continuation language which requires that a copy of the transcript be furnished "to any adverse party," *ibid.,* where the witness deposed was not an adverse party. Also, any copy furnished is to "be made available to all other *parties* for their inspection and copying." *Ibid.* (emphasis supplied).

■ The rule does not address the rights or interests of witnesses who are not parties. In the typical case, a mere witness has no sufficient interest in the outcome of the litigation or in the deposition itself to warrant undertaking the expense of a copy; and where the witness does, he or she is relegated to other avenues of relief.

■ *R.* 4:14–6(c) also has no bearing upon the contractual obligation of any attorney who orders a transcript from a court reporter. *See Roberts, Walsh & Co. v. Trugman,* 109 *N.J.Super.* 594, 264 *A.*2d 237 (Cty.Ct.1970). The attorney ordering the transcript undertakes to pay for it and may not, except in the clearest case, avoid the payment obligation to the court reporter by raising the responsibilities of others, whether founded on the rule or another source.

■ Here, the witness deposed was clearly not an adverse party in the pending matrimonial case. It was error to characterize her, constructively, as an adverse party. A witness subpoenaed to give testimony does not become an adverse party by resisting the subpoena. He or she remains a witness.

The order dismissing the complaint is reversed, and the matter is remanded for such further proceedings as may be necessary.